Chief Justice Robertson
delivered the Opinion of the Court.
Elizabeth Hays having obtained a judgment in detinue against William Glascock, for a male slave, he prosecutes this writ of error, and relies on three grounds for a reversal:—that is, first, that the Circuit Court erred in permitting a part only of an answer filed by him, to a bill of discovery, to be read, and in refusing to allow the reading of the entire answer; second, that the Court erred in instructing the jury, that they had a right to *59 'find the whole value of the slave, even though the plaintiff in the action was entitled to a life estate only; and, ■third, that the Court also, erred in instructing the jury, that the “plaintiff had a right to hire, from the time the “ slave came to the possession of the defendant.”
Where a party proves what his adversary has said, all he sajd on the subject, at thetime,must, in general, be admitted; and if an answer to a bill of discovery is used,the whole must, in general; be read. The respondent is not bound to confino himself to the special interrogatories. But a conversation, or an answer, may include impertinent matter, that ought not to be received: therefore, where part of an answer was excluded, and there is nothing to show what that part contained, this courf can not decide that it was ex* eluded errone-' ouslv,
These several points will be very briefly considered in numerical order.
■First. Although it is a reasonable and well established rule that, when one party attempts to prove what another party had said, or to use as evidence any thing contained in his ansvycr to a bill of discovery, he should prove all that the party said at the same time and on the same subject, or should read the entire answer to the bill, nevertheless matter altogether impertinent may be omitted, and there may be cases in which a part only may, without error or prejudice, be used as evi lence— and therefore, as the record does not state what was pretermitted, or show that the plaintiff in error was or ■could have been prejudiced by the discrimination, and as this Court should presume,—in the absence of evidence to the contrary,—that the Court below acted -correctly-*-we -cannot decide that, there was any illegality or injustice in permitting a part only of the answer to be read to the jury. The bill of discovery attempted ■to restrict the respondent to an answer to special interrogatories, and objected to a disclosure of any other matter respecting the rights of the parties; and it may be possible that this was the reason why the Circuit Court refused to permit any other part of the answer to he read, than so much as responded directly to those questions. If that was the reason, the Court certainly erred; for one party has no right to extort from another, a partial discovery, if a full or more extended disclosure respecting the matter sought to be discovered, may be useful to the party appealed to as a witness against himself, and if he desire to tell the whole -truth. But, as the record does not disclose the ground on which the circuit judge permitted a selection from the answer, we cannot presume that it was an insufficient one, if, in any supposable state of case, his act could have been proper. And we are disposed to think that such .3. justification might have existed*
The damages toÜetWe-^nd re" feovered in case fed^sfno? suírendered, should be ingtóbral/somé peculiar cases tiTs!-Thecase general princile uence* ofC the |>r?vity0eof coiv tract, his recovery and acceptance'óf the val^el’fan/the 'bailor, and would iquent actioí by the latter. But; H^has'on^ly111^ particular estate, 'and another the remainder, as the plaintiff’s récovery and receipt of the damages, disinterest on* Jy, to the ‘áefen ^of bardthe°ae? pon of- the reS^etiftio^aftev his right accrues; pltf’s separate interest is the propter measure of the alternate 'dama-
Second. As the judgment in detinue is alternative, the amount adjudged to bé paid, in li'eu of the property; should, in most cases, be the entire value of the absolute right; otherwise, detinue would, in many cases, be an inappropriate and preposterous remedy;
But reason an(^ P°licy of this general rule not being, in our opinion, universal, the inflexible and invariable application of the rule itself would be inconsistent and unjust: And such a case as this, in which a party recovers on a general, but limited, property in the thing sought, is not, as we think, withiil the range of the principle by which the assessment of value according t0 the absolute right is governed.
A person having no beneficial interest but only a spePr0Perty a chattel-, may maintain detinue for it; and should, if he recover, have a judgment in the alternative; for the entire value of the absolute property; ' . r r J 7 because a bailee may, m consequence of the privily of c01^mch express or implied, be entitled to restitution of possession from a stranger, and because a recovery and acceptance of the assessed value by the bailee is for the bailor and would bar an action by him for the samé or any subsequent detention. But the enforcement of a iudgment for value, in favor of a person owning a lim- ", ° , , -.r-i-n , , ited general property-^as for life or years—would not an action by the person entitled to the remainder, . \ r . . ' for a detention by the same party alter the expiration ’°f ^ estate for life Cr for years; ñor would it transfer any other or greater interest in the property than that of the owner of the limited estate. When a party having judgment in trover, trespass or detinue, accepts the asséssed damages or value, in lieu of the specific thing for which thé assessment was made, the title to the thing passes by operation of law, 'eo instanti, to the r)erSon malting such satisfaction. The legal rule, solutio r , , , , ,. , , . . pretn empUom’s lodo JiabelW, should be applied to ]udg*ments in detinue, as well as to thos’e in trover. But if Glascock be unable to restore the slave, and therefore be compelled to pay the assessed valúe, he can thereby ‘acquire fto Other or greater right than that of Mrs. Slays, and may be liable after her death, to the persons *61 entitled to the remainder, for any detention by himself or by any other person claiming under him. If, as he seems to have thought; his wife be entitled to the remainder, surely a judgment against him, for the value of the slave, would be unjust; because, if the slave be dead or beyond his control, he could not avoid the payment of a larger sum than Mrs. Hays can be entitled to. And, if he has no interest in the remainder, still, as he might be unable to surrender the slave in discharge of the judgment, he should not be liable, in that event, for more than the value which Mrs, Hays has a right to demand either representatively or in her own right and for her own use. Were she to receive the entire value of the slave, she might be deemed a trustee for the benefit of the persons in remainder; but they would not be bound to look to her alone, and she has no right, without their consent, to convert their slave hito money.
Excess in ti» value put upon the property detained,by a jury, in detinue, is not suihcient ground for a new trial, unless it is also shown, that deP£ cannot surrender the property, Sr thus escape the payment of the value. But errpneous instructions as to the criterion of value, are cause for a reversal.
If because Glascock may surrender the slave, an excessive assessment of value may be sustained, the 'consequence must be that there should be no legal and fixed criterion for assessing value in any action of detinue. But the law is otherwise; and having prescribed a rule, a departure from it must be erroneous-.
Had the jury, without any intervention or instruction by the court, assessed too much, that fact might not alone have been sufficient to authorize a new trial: because, in deciding on motions for new trials, the court exercises a sound discretion, and regards the justice of the case; and therefore, unless it should appear, that an excessive assessment of value-, in an action of •detinue, could not be escaped by á surrender of the specific thing-, a court in its discretion, might refuse to grant & new trial to a party who, prima facie, could not be prejudiced by the assessment, if he would obey the man<■date to surrender the property adjudged to belong to his successful adversary.
But, as the law fixes a standard of assessment, if a Gourt instruct a jury, that there is any other and different measure, such instruction must necessarily be erroneous, and sufficient to require the reversal of the judg* aienfi,
The plaintiff in detinue may recover, in damages, the worth of the use of the thing detained— as the hire of a slave -during the time of the unauthorized detention.
The true criterion of assessment in detinue, is the value which the plaintiff has a right to recover; and it seems to us, that Mrs. Hays, owning only a life estate, has no legal right to act for, or to bind the person who may be entitled to a vested remaiñder; and therefore has no right to recover more than the value of the life estate; or, in other words, the value of the right upon which alone she has a right to recover a judgment, and which might, by operation of law, be transferred to Glascock, in consequence of her acceptance of the amount assessed and adjudged to her, in lieu of the slave and the use of him during her life.
Third. We perceive no sufficient objection to the instruction as to hire, if, as we understand it, it imports only that, if Glascock had detained the slave oí Mrs. Hays, she was entitled to the value of his use during the whole time of the unauthorized detention from her, by Glascock. Thus understood, the instruction is nothing more than the rule of law, of right, and of practice.
But, for the error in the instruction as to the assessment of value, the judgment of the Circuit Court is rer versed, and the cause remanded for a new trial.