May Term,<br>1837.<br><br>FOOT<br>v.<br>GLOVER.<br>*Thursday*,<br>*June 1.*

---

4b 313<br>125 471<br><br>*Thursday*,<br>*June 1.*

---

FOOT *v.* GLOVER.

To prove what the question in issue in a previous suit was, the complete record of the suit, and not a detached special plea filed in it, must be produced.

Case 2.<br>4b 313<br>138 247<br>Case 2.<br>4b 313<br>141 344

May Term,
1837.

Foot
v.
Glover.

Tuesday,
August 22.

ERROR to the *Monroe* Circuit Court.

BLACKFORD, J.—This was an action of slander in which *Glover* was the plaintiff and *Foot* the defendant. The words for which the suit was brought were, that the plaintiff had sworn false in an affidavit, which he had made for the continuance of a certain cause, in which he was a defendant and *Foot* the plaintiff. To this action of slander, the defendant pleaded in justification that the words were true; and upon this plea issue was joined.

On the trial of the cause, it became material for the plaintiff to show what had been the matter in issue between the parties in the previous action, in which the affidavit was made. To give the jury that information, the plaintiff offered in evidence the following plea:—

" *Glover et al.* ats. *Foot.* And the said defendants, by their said attorneys, for further plea say, that said suit ought not to be sustained further than as hereinafter admitted, because they say that the said defendants, on the 11th day of *March* in the said declaration mentioned, before 10 o'clock in the morning, viz. at nine o'clock in the morning of the said day, at the court-house in *Bedford*, had ready to deliver and tendered to said sheriff of the said *Lawrence* county, the three horses and the wagon mentioned in the said declaration, which were of the value, and would have raised the sum, of 200 dollars of the amount thereof, and that the said sheriff altogether failed and neglected to attend to receive the said horses and wagon. And as to the residue of the said goods and chattels, the said defendants admit the failure to deliver the same according to the tenor of the said obligation, and confess that they cannot gainsay the action of the said plaintiff for the said residue, and that the said plaintiff has sustained damage thereby to the value of the moneys in the said execution contained, over and above the said 200 dollars, together with the damage in addition thereto, according to the statute in such cases made and provided. And this they are ready to verify."

The plea was endorsed as follows: "Filed the 29th of *August*, 1826." The admission of this plea as evidence was objected to, and the objection was sustained. Verdict for the defendant. *Glover*, the plaintiff, moved for a new trial, and the Circuit Court, supposing that they had committed an error in rejecting the plea offered in evidence by the plaintiff, grant-

ed a new trial. The cause was accordingly again tried, and the plaintiff obtained a verdict and judgment. The granting of the new trial is the only error assigned.

This judgment must be reversed. The Circuit Court was right in rejecting the plea offered in evidence on the first trial of the cause. The plea was offered in evidence to show what the matter in issue in the previous cause was, at the time the affidavit was made. But this special plea, detached as it is from the other proceedings in the suit, is no evidence as to what was the matter in issue in that suit. The plea may have been withdrawn, or it may have been adjudged insufficient on demurrer, before the affidavit was made. It is necessary to see the complete record of a suit, in order to ascertain what the question in issue in such suit was.

The new trial ought not to have been granted.

DEWEY, J., having been concerned as counsel in the cause, was absent.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the verdict for the defendant exclusive set aside, with costs. Cause remanded, &c.

*J. Whitcomb*, for the plaintiff.

*J. H. Thompson* and *C. P. Hester*, for the defendant.