M'Nutt and Another *v.* Dare.

The defendant in assumpsit may, under the general issue, give in evidence a writing executed by him to the plaintiff, if it tend to show the nature of the transaction involved in the suit, and if its stipulations have been performed by both parties, although the instrument may be invalid as a contract for want of mutuality.

On the trial of a suit at law, the plaintiff's answer to a bill of discovery is legal evidence against him.

But the plaintiff may object to the admission of a part of such answer, unless the whole of it be read to the jury.

ERROR to the *Franklin* Circuit Court.

Dewey, J.—*M'Nutt* and *Cummins* sued *Dare* in assumpsit for money had and received. Plea, the general issue. Verdict and judgment for the defendant.

Previously to the trial, *Dare* filed a bill in equity for a discovery against *M'Nutt* and *Cummins*, alleging that the action at law was commenced for the recovery of a part of a sum of money, which *M'Nutt* and *Cummins* affirmed they had advanced to *Dare* as their agent, for the purpose of purchasing for them a steam-engine, and which they claimed had not all been expended in the purchase; that *Dare* had received of *M'Nutt* and *Cummins* 2,100 dollars, not as their agent, but under a written contract between the parties, by which *Dare* was bound to furnish the engine and *M'Nutt* and *Cummins* to pay him for it that sum; and that the contract was in the possession of *M'Nutt* and *Cummins*. The bill prayed for a discovery, that the contract might be made a part of the answer, and be read with the rest of the answer on the trial of the action at law.

*M'Nutt* and *Cummins*, in their answer, admit that the object of the suit at law was as stated in the bill; deny that they ever made any written contract with *Dare* respecting the engine, but concede that *Dare* executed such an instrument of writing as is stated in the bill, and left it in the possession of *M'Nutt* and *Cummins*, who never executed or became a party to it; admit they paid *Dare* 2,100 dollars at the times stipulated in the instrument, but insist the payments were not made by virtue of that instrument or any written contract, but were advances to *Dare* as their agent, to enable

him to purchase the engine for them, the price of which he fraudulently represented as greater than it really was. The instrument was made a part of their answer and produced in Court as such.

On the trial of the action at law, *Dare* offered the instrument thus produced in evidence. It commenced, "*July* 8th, 1839. *Lee Dare*, of the first part, does agree to build, or cause to be built, an engine, namely, &c. (describing it), and put the same in good operation, for the price of twenty-one hundred dollars," &c. Then follows—"*John M'Nutt* and *William Cummins*, of the second part, do agree to pay the said *Lee Dare* the above sum." The times of the payment in instalments are then specified. The instrument was subscribed by *Dare* only, though there was partial proof that it was written by one of the plaintiffs, who were partners. The plaintiffs objected to the reading of the writing unless the whole answer was permitted to be read. The Court overruled the objection and admitted the writing in evidence, but rejected the rest of the answer.

It is contended that the Court erred in permitting the writing to go to the jury, because it was not a valid contract between the parties for want of mutuality, it being signed by one party only.

We do not deem it necessary to decide whether the instrument constituted a valid contract or not; because admitting it not to have been a binding contract, capable of being enforced by suit, still if its stipulations were performed by both parties in good faith, it was legal evidence tending to show on what terms the engine was furnished on the one hand, and the money paid on the other; it tended to show the nature of the transaction involved in the suit. There is another reason why the plaintiffs could not object to the evidence. It was a part of their own answer to the bill of discovery; and the answer of a party is legal evidence against him. Bull. N. P. 237.—2 Bac. Abr. Ev. 621.

But the Court committed an error in refusing to permit the whole answer to be read. If part of an answer of a defendant in chancery is read at law against him, he is entitled to have the whole answer go to the jury, who are to weigh it as they do other testimony, and give it such credit as they

may think, under all the circumstances, it deserves. Bull. N. P. 238.—2 Bac. Abr. Ev. 621.—*Butterworth* v. *Bailey*, 15 Ves. 358.—*Earl of Bath* v. *Battersey*, 5 Mod. 9.—*Bermon* v. *Woodbridge*, 2 Doug. 788.

May Term, 1846.

There was another question raised on the trial as to the admissibility of evidence, which was correctly decided by the Court, and need not be further noticed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Ryman*, for the plaintiffs.

*G. Holland*, for the defendant.