GEORGE M. CHAMBERS et al., Appellants, *v.* WILLIAM B. WARREN, Appellee.

### APPEAL FROM MORGAN.

A party seeking evidence by a bill of discovery, is not bound by the answer to such an extent, that he may not controvert the correctness of it, although he cannot impeach the party answering by showing that he is unworthy of belief.

An answer to a bill of discovery is only entitled to the same consideration as the answers of a witness called by a party; its statements may be controverted in the same way.

If an answer to a bill of discovery is not strictly responsive, exception should be taken to it on the trial, and the tribunal which hears the case should exclude such parts of the answer as are not responsive.

In answering a bill of discovery, the respondent has a right to state all the circumstances connected with the matter about which the discovery is sought, as well that which makes for as against him.

The entire answer to a bill of discovery, if responsive to the call, and connected with or explanatory of it, should be received as evidence, and credit should be given or withheld as circumstances may justify.

The discovery called for may be used or not at the option of the party who has sought it, but as a general rule, if he reads any part he must read the whole of the answer, unless it sets up matter not responsive, or is impertinent; if so, such parts should be excluded from consideration.

THIS cause was remanded from the last term of this court, (see 12 Ill. p. 124,) and was again tried in the Morgan Circuit Court at the March term thereof, 1851, before WOODSON, Judge, and a jury, and resulted in a verdict and judgment for the appellee. The pleadings were the same as those presented in the former report of the case.

Previous to the last trial of the cause in the Circuit Court, the appellants filed a bill of discovery against the appellee, stating that the pending controversy grew out of a transfer of certain accounts at Saltillo, the nature of which they hoped to be able to illustrate by proof, and calling upon him for discovery as to receipt by him of $150 of said accounts, and as to $466.33 on account of, &c. The prayer of the bill was " that he be holden to answer and state, on his corporal oath, how much he hath received in the premises, when and of whom he received the same, and if he did not admit to complainant, A. McDonald, the receipt of the aforesaid sums of," &c.

To this bill of discovery the appellee filed an answer, stating that he advanced A. McDonald $900, for use of which and his (appellee's) services in collecting $150, &c., he was to have $350; that he had received $600.98 that had been applied in a particular way; that he was entitled to interest, &c.

This answer was objected to by appellants as more than responsive to the bill, and a motion was made in their behalf to suppress and strike out of it all excepting appellee's admissions as to the receipt of the moneys. The exception was disallowed and the motion overruled, which is the first error assigned in the case.

On the trial of the cause, the following instruction was given to the jury, at the instance of the plaintiff: " In calling upon the plaintiff, Warren, as a witness by the bill of discovery, the said defendants have made Warren their witness; and, as they have read the answer of Warren as evidence to the jury, they are bound by the statements of said answer, and cannot now be

permitted to discredit said testimony, but this jury is bound to take said answer of Warren as testimony."

D. A. SMITH, for appellants,

As for general doctrine in relation to bills of discovery, cited Story's Eq. Plead. § 311, 319, n. 2, 321, 324; 9 Paige, 580.

As to the foregoing instruction, cited 1 Greenl. Ev. § 443; 8 Humph. 46; 3 Litt. Rep. 378.

To show that the exceptions to the answer should have been sustained, cited Cowen & Hill's Notes, 3 Phil. Ev. 927; Allen *v.* McNew, 8 Humph. 46; Methodist Episcopal Church *v.* Wood, 5 Ohio, 174; 4 Scam. 546, 547; 11 Ill. Rep. 599.

M. McCONNEL and W. H. HERNDON, for appellee.

You cannot except to an answer to a bill of discovery merely because it contains matters in avoidance. Insufficiency can be excepted to, and exceptions are good for impertinence or scandal. 1 Barb. Ch. Prac. 176, 178; 11 Paige, 618; 2 Dan. Ch. Prac. 246, 247; 3 Bland. 392; 4 Dana, 59.

If this is wrong the plaintiff cannot except, because the answer is responsive to the bill. The defendants are compelled to answer more than the sifting interrogatories. The whole bill must be answered. 6 Georgia, 423; 1 Gilm. 423; 1 Kelly, 157; 1 Barb. Ch. Prac. 130; 2 Dan. Ch. Prac. 246.

The whole of the answer must be read, and not parts. 2 Dan. Chan. Prac. 402; 3 Eng. (Ark.) 356; 8 Blackf. 35, 477; 8 Humph. 438; 10 Johns. 260; 3 Litt. 378, 379.

The plaintiffs cannot impeach their own witness. 1 Greenl. Ev. § 351, 442.

TRUMBULL, J. The second instruction given to the jury on behalf of the appellee was clearly erroneous.

It assumes that the appellants were bound by, and could not be permitted to discredit, the answer of the appellee to the bill of discovery by them filed. The language of the instruction was well calculated to mislead the jury by creating the impres-

sion that the testimony of the appellee, as contained in his answer, was binding upon the appellants, even if inconsistent with the established facts in the case.

It is true, that, after reading the answer to the jury, the appellants were not at liberty to discredit it by impeaching the general reputation of the appellee for truth; for the reason that a party is not permitted to show that his own witness is unworthy of belief; but he may always controvert the correctness of the statements made by his own witness by the introduction of other evidence, and in that way discredit his testimony.

An answer to a bill of discovery is entitled to no higher consideration than the answers of a party's own witness upon the stand, and may be controverted in the same way. Story's Eq. Plead. § 319, n. 3; Nourse *v.* Gregory, 3 Litt. 379; McNutt *v.* Dare, 8 Blackf. 35; Williams *v.* Wann, Id. 177; March *v.* Davison, 9 Paige, 580.

An exception was taken to the answer of the appellee as being more than responsive to the bill, and a preliminary question has been raised as to the right to make such an objection when the answer is offered as evidence in the case at law. Unless there is some fixed rule of practice which requires exceptions to answers to bills of discovery to be made and disposed of before the chancellor, there would be a manifest propriety, particularly under our system of jurisprudence, where the same person acts both as chancellor and judge of the common-law court, in allowing the exceptions to be settled on the trial of the action at law. A court of chancery would certainly seem to be the proper forum to dispose of exceptions to answers in chancery, but the inconvenience of confining objections to answers to bills for discovery to the chancery side of the court is very great. If questions of this character can only be settled by the chancellor, it follows that either party may appeal from his decision, and the action at law must await the final determination of the appeal.

By allowing the exceptions to be disposed of in the court of law, much delay and inconvenience may be avoided. The question is one of practice merely, involving no principle whatever, since the same person at the same term presides in both courts.

The object of a bill of discovery is to make a witness of a person not otherwise competent, and there is no reason why a court of law, when the bill and answer are offered in evidence, may not determine upon the propriety of the answers of such a witness to a bill of discovery, as well as upon any other evidence offered in the case.

It is said by the chancellor, in the case of Price *v.* Tyson, 3 Bland's Ch. Rep. 409, " as to the relevancy, legality and competency of any testimony brought out by a bill of discovery, it does not belong to this court to decide; because such questions can only be determined with propriety, by the court of common law for whose use the discovery has been required."

The practice of allowing exceptions to answers to bills of discovery to be settled on the trial of the action at law prevails in several States. Conway *v.* Turner, 3 Eng. (Ark.) Rep. 356; Methodist Episcopal Church *v.* Wood, 5 Ohio, 174; Glascock *v.* Hays, 4 Dana, 58.

We shall therefore hold, that the appellants, before reading the answer on the trial at law, had a right to call upon the court to strike out or exclude from the jury such parts as were not responsive to the bill, or in any manner connected with, or explanatory of it.

We proceed now to inquire whether the court erred in refusing to sustain the exception.

The respondent, in answer to a bill of discovery, has a right to state all the circumstances respecting the matter about which the discovery is sought, as well that which makes for, as that which makes against him. "A complainant, in a bill of discovery, is not entitled to call for the discovery of a mere isolated fact, in aid of his defence, and to deprive his adversary of the benefit of a full answer, showing that in reality no valid defence to the action at law exists." Jewett *v.* Belden, 11 Paige, 618; Glascock *v.* Hays, 4 Dana, 58; Price *v.* Tyson, before cited. As a matter of pleading a party has the right to make as full an answer to a bill of discovery, as if it were a bill for relief also, but how far the answer shall be considered as evidence in favor of the party making it, is another question. In bills for relief, the answer is evidence for the defendant only so far as it is

responsive to the bill; and there is some confusion in the authorities as to how far an affirmative fact in the answer shall be received as evidence to discharge a defendant from a liability which he has admitted in response to the bill; but whatever the rule may be in reference to answers to bills praying relief as well as discovery, we apprehend, that the rule in reference to an answer to a bill of discovery merely is, that all which it contains responsive to the call for discovery, or connected with or explanatory of it, should be received as evidence, the court or jury being at liberty to give credit to so much of the answer only as, from all the circumstances of the case, they believe to be true. The party calling for the discovery is not bound to read the answer on the trial at law; and if he declines to do so, his adversary will not be permitted to use it as evidence; but if the party having the right to use the answer offer it in evidence, he is, as a general rule, bound to read the whole of it. If the answer, however, sets up matter not responsive to the call of the bill, or in anywise connected with or explanatory of it, or which is impertinent, such parts ought to be excluded from the consideration of the court or jury. These positions will be found to be sustained by the case of the Methodist Episcopal Church *v.* Wood, 5 Ham. 283, and the other cases already referred to.

Testing the answer of the appellee by the principles here laid down, and it is very clear that the Circuit Court properly overruled the exception to it. The answer, if not directly responsive to the calls of the bill, is certainly connected with and explanatory of them, and was therefore properly admitted in evidence to the jury, subject to the qualification already mentioned, of being believed only so far as the jury, from all the circumstances of the case, thought it to be true.

The judgment of the circuit court is reversed and the cause remanded.

*Judgment reversed.*