No. 9899.

## JENKINS *v.* THE STATE.

CRIMINAL LAW.—*Former Conviction.*—*Evidence.*—It is necessary for one who relies upon evidence of a former conviction to show that the offence for which he was convicted is the same as that involved in the prosecution in which the evidence is offered.

78   133
136   107

SAME. — *Transcript.* — *Omission of Warrant.* — *Evidence.* — *Assault and Battery.* —As a rule, the entire record of a cause should be offered in evidence, and not mere fragmentary parts thereof; but the omission of the warrant from the transcript of a judgment of conviction for an assault and battery, before a justice of the peace, where the entries show that both the defendant and injured person were present when the case was heard and determined, is immaterial.

SAME.—*Justice of the Peace.*—*Jurisdiction.*—*Statute Construed.*—Under section 1637, R. S. 1881, justices of the peace have jurisdiction to try and determine all cases of misdemeanors where the punishment may be by a fine only.

From the Shelby Circuit Court.

*E. P. Ferris, W. W. Spencer* and *J. S. Ferris,* for appellant.

*D. P. Baldwin,* Attorney General, *W. W. Thornton,* and *J. L. White,* Prosecuting Attorney, for the State.

ELLIOTT, C. J.—The appellant was tried and convicted upon an indictment charging him with an assault and battery.

The only questions which the record presents arise upon the ruling excluding the evidence offered in defence. The excluded evidence was the record of the trial and conviction of the appellant for an assault and battery. The trial was had before, and the judgment of conviction rendered by, a justice of the peace.

It is always necessary for one who relies upon evidence of a former judgment, to show that the offence for which he was convicted is the same as that involved in the prosecution in which the evidence is offered. This, we think, was done in the present instance. The evidence fairly shows that the offence for which the appellant was convicted by the justice is the same as that described in the indictment in the case at bar.

The general rule is, that the entire record of a cause should be offered in evidence, and that it is not proper to offer mere fragmentary parts of the record. We think all the material

parts of the justice's record were offered. It is true the warrant is not in the transcript offered by the appellant, but as the justice's entry shows that both the appellant and Louden, the injured person, were present when the case was heard and judgment pronounced by the justice, its omission was immaterial.

The objection, earnestly urged against the admission of the evidence, is that the justice of the peace had no jurisdiction to try the appellant. This question is decided against the appellee in the case of *The State* v. *Creek, post,* p. 139. We are satisfied that a just construction of the act of 1881 requires that it should be held that justices of the peace may exercise jurisdiction in cases of misdemeanors. Although there may be cases of the general class in which it would be proper to adjudge imprisonment as part of the punishment, the justice of the peace has no power to punish by imprisonment, nor to inflict a fine of more than twenty-five dollars. The reasoning in the case referred to very clearly shows that the Legislature did not intend to deprive justices of jurisdiction in that class of cases for which the punishment may be fine and imprisonment. This conclusion is strengthened by reference to former statutes and to our long existing practice. It has been the law since the organization of the State, that justices have jurisdiction in cases of misdemeanor, although there may be aggravated cases requiring that the accused be sent to a higher court in order to receive adequate punishment. This long settled rule should not be overturned, unless there are clear words requiring it.

Judgment reversed.