State, *ex rel.* Nave, *v.* Hawkins *et al.*

———— ◆ ————

No. 8414.

## STATE, EX REL. NAVE, *v.* HAWKINS ET AL.

PLEADING.—*Sheriff's Bond.*—*Answer.*—*Direction Not to Levy.*—Complaint on a sheriff's bond, stating for breach : 1. Failure to levy an execution; 2. Refusal to levy on personal property when directed, and levying on real estate encumbered beyond its value. Answer, that the sheriff, being about to levy the execution on personal property, was directed by the execution plaintiff not to make such levy, but to levy upon the real estate of the execution defendant, which was accordingly done.

*Held,* that the answer was good on demurrer.

SAME. —*Duplicity.*—Under the code, duplicity is not cause for demurrer.

EVIDENCE.—*Record.*—*Bill of Exceptions.*—As evidence, a record of court is an entire thing, and all proper parts of it are to go in evidence if any of it be admitted; but this does not include bills of exceptions and other papers incidentally connected with the proceedings. ·

SAME.—*Objection.*—*Practice.*—An objection to reading a record in evidence raises no question as to the reading of a bill of exceptions connected with the same proceedings, and filed therein.

SUPREME COURT.—*Harmless Error.*—*Evidence.*—Error in admitting evidence, which it is apparent could not have influenced the verdict, is not available in the Supreme Court.

From the Hendricks Circuit Court.

*C. C. Nave,* for appellant.

*L. M. Campbell,* for appellees.

ELLIOTT, C. J.—The appellant's complaint charges the appellee Hawkins with having broken the condition of the official bond executed by him as sheriff of Hendricks county. Two breaches are assigned. The first is, that the appellee Hawkins negligently failed to levy an execution issued upon a judgment obtained by the relator against one Mahoney; the second that the sheriff, although so directed, refused to

levy the execution upon personal property and wrongfully levied it upon real estate encumbered for more than its value.

The second paragraph of the answer is not very carefully drawn, but it contains an allegation which makes it good. The allegation to which we refer is this : " These defendants admit that it is true that no levy was made upon the personal property, but they aver that said Samuel L. Hawkins offered and intended to levy upon said personal property, and would have so levied upon the same and taken it into his possession, and have offered the same for sale as required by law, but that the relator upon being notified of the condition of said property, expressly ordered and directed said Samuel L. Hawkins not to make such levy, and ordered him to levy upon the real estate of said Mahoney." Confessing this allegation by the demurrer, the appellant admits that the sheriff did exactly what the relator required him to do, and this being true there is no cause of action. An execution creditor can not successfully insist that a sheriff who obeys his orders shall respond in damages, because loss resulted from such obedience. The appellant's relator is not in a situation to complain of the sheriff for having done that which he was directed to do.

Counsel for appellant is right in his assertion that the answer contains more than one ground of defence, but he is radically wrong in his conclusion that, therefore, a demurrer will lie. Where the answer improperly blends in a single paragraph different and distinct grounds of defence, the remedy is not by demurrer but by motion.

In the course of the trial the appellant gave in evidence detached parts of various records, and the appellees afterwards gave in evidence the remaining parts of these records. There was no error in permitting the appellees to do this. The rule is that all of the record, and not merely fragmentary parts, shall be put in evidence. As said in *Miles* v. *Wingate,* 6 Ind. 458, "A record is an entire thing, and if admissible for any purpose, all its parts are received." *Coats* v. *Gregory,* 10 Ind. 345 ; *Foot* v. *Glover,* 4 Blackf. 313 ; *McNutt* v. *Dare,*

8 Blackf. 35; *Jenkins* v. *The State*, 78 Ind. 133; 1 Taylor Ev. 657. This rule applies only to such matters as are legitimately a part of the record, and not to mere collateral papers incidentally connected with the proceedings.

Appellees were permitted to put in evidence the record of an action of replevin brought against the sheriff. The property replevied had been seized upon an execution issued on the relator's judgment, and we think the evidence was admissible for the purpose of showing why there had been no sale of this property, why it was useless to again seize it upon execution, and how the levy had been disposed of. The judgment was not conclusive against the relator, for he was not a party, nor was he notified to defend, but it was evidence of the fact that, by judicial process, the property was taken from the sheriff. The case is closely analogous to that of *Rhode* v. *Green*, 26 Ind. 83, where it was held that it is competent for the plaintiff, in an action for a breach of the covenant of seizin, to give in evidence the judgment obtained against him by the claimant, although his grantor was not a party. *Wilson* v. *Peelle*, 78 Ind. 384.

The bill of exceptions filed in the action of replevin brought against the sheriff was not such a part of the record as entitled it to admission. Where a bill of exceptions is filed for the purpose of exhibiting the evidence, it does not become a part of the record in the sense that the pleadings and entries upon the order book and dockets do. The pleadings and entries are necessarily a part of the record; indeed, they in strictness constitute the record. Without them, the admissions and allegations of the parties could not be understood, nor the scope and effect of the judgment be fully apprehended. This is not true of the bill of exceptions. The office of the bill of exceptions is altogether different from that of the entries and pleadings. In truth, a bill of exceptions is only proper when it becomes necessary to make some fact or proceeding appear which strictly and properly forms no part of the record. It was not competent for the appellees to read the bill of excep-

tions under mention in evidence, but, notwithstanding this error, we can not reverse the judgment. Under the issues and evidence, the reading of the bill could not have done the appellant any injury. But if this were not so, his objection was not properly stated. The objection stated and reserved was not such as presented the question of the admissibility of the bill of exceptions, but was directed entirely to the competency of every part of the record.

We have given the evidence a careful examination, but find no reason which will warrant us in departing from the settled rule that the finding of the trial court will not be set aside where there is evidence sustaining it.

Judgment affirmed.

Opinion filed at the November term, 1881.
Petition for a rehearing overruled at the May term, 1882.