Brown *v.* Eaton.

No. 10,294.

## BROWN *v.* EATON.

98  591
132  252

98  591
166  655

JUDGMENT.—*Impeachment for Fraud.—Notice.—Identity of Person.*—To a suit by an assignee on a judgment rendered in another State on default, an answer, that the defendant had no notice or knowledge of the suit, and was not liable to the judgment plaintiff upon any cause of action, and that he and the present plaintiff, and the officer who had made return of service of process, had fraudulently conspired, etc., and made and procured a false return of service of process, when in fact there was no service, is good on demurrer. So, also, an answer, that the defendant, though of the same name, was not the person on whom such process was served in the cause in which the judgment was rendered, and that said judgment was not against him, and that he never was indebted to the plaintiff in the judgment, is good on demurrer.

SAME.—*Evidence.—Record of Foreign Court.*—The record of a judgment of an inferior court of another State, not showing the pleadings or nature of the cause of action, is not admissible in evidence in a suit upon the judgment.

From the Sullivan Circuit Court.

*D. W. Voorhees, N. G. Buff, J. R. Patten* and *J. C. Denny,* for appellant. ·

*S. Coulson,* for appellee.

BLACK, C.—This was an action brought against the appellee by the appellant, William Brown, upon a judgment for a certain sum of money recovered against the appellee, in the city court of East St. Louis, St. Clair county, State of Illinois, by Jeremiah Brown, and assigned by him to the appellant; said court being one of special and limited jurisdiction, created by a private statute.

The appellee answered in five paragraphs, the first being a general denial. The appellant demurred to each of the other paragraphs, and the demurrer was overruled. There was a reply in denial. A trial by jury resulted in a verdict for the defendant. The plaintiff's motion for a new trial was overruled, and judgment was rendered for the defendant. The overruling of the demurrer to the answer and the overruling of the motion for a new trial are assigned as errors.

Brown *v.* Eaton.

In the second paragraph of answer it was, in effect, alleged that at and before the time of the commencement and prosecution of the suit upon the pretended record of which this action was brought, the defendant was not a citizen or resident of said St. Clair county, or of the State of Illinois, but he then was, and he still was, and during his whole life he had been, a citizen and resident of Sullivan county, in this State; that no summons or other mesne process or notice of any kind whatever of the institution or pendency of said suit in said court was ever served upon or given to him in said cause; that he had no notice or knowledge of the institution or pendency of said suit till long after the date at which it was alleged that said judgment was rendered, when he heard, at his home in this State, that said Jeremiah Brown claimed to have recovered a judgment against him, the defendant; that he did not appear in said action, because he had no knowledge of its pendency; neither did he authorize or empower any one else to appear for him or in his behalf; that he was not and had not been, at, before or since the commencement of said action, indebted to said Jeremiah Brown in any sum whatever; but that he and the plaintiff herein and one Holbrook, who claimed to be acting as deputy to Michael Walsh, marshal of said city of East St. Louis, and who made the return upon the summons alleged to have been issued in said cause, combined and confederated together for the purpose of cheating and defrauding the defendant, by then and there making false and fraudulent papers, returns, proceedings, judgment and records against this defendant, in said cause, and falsely and fraudulently made and procured and caused said Holbrook, deputy, to make a false and fraudulent return upon a summons issued by the judge of said court in said cause (the return of the marshal by said deputy being here set out, showing service on the defendant by reading), with the false and fraudulent intent to thereby falsely and fraudulently give said court and judge apparent jurisdiction in said cause over the person of the defendant, and to

falsely and fraudulently make such jurisdiction affirmatively appear in such record; whereas, in truth, said summons was not served upon this defendant personally by reading the same to him, or in any other manner, and the defendant did not have any notice or knowledge of the existence of said writ of summons.

In the third paragraph it was alleged, in substance, that the defendant Lewis S. Eaton was not the Lewis S. Eaton upon whom the summons issued in said suit was served, and against whom a judgment was rendered as set out in the complaint; that no summons or other writ or notice of the pendency of said suit was ever served upon this defendant; that at the time, and for a long time previous thereto, he was, and he ever since has been, a citizen and resident of Sullivan county, in this State, and had no notice or knowledge of the commencement and pendency of said suit, or the issuing or service of said summons; that he was not then, or at any time previous thereto, and has not been since, indebted to said Jeremiah Brown in any sum, all of which the plaintiff herein well knew.

The fourth paragraph of answer alleged, " by way of cross complaint," facts the same in substance as those alleged in the second paragraph, and prayed an injunction against the collection of said judgment. The only ground of demurrer assigned was that it did not state facts sufficient to constitute a cause of defence. This did not raise the question of the sufficiency of the facts stated as matter of counter-claim, and if the demurrer had done so, it would be an immaterial question here, as no injunction was granted.

No argument is presented by the appellant upon the fifth paragraph of answer.

In pleading a judgment of a court of special jurisdiction, if it be not alleged, generally, as permitted by the statute— section 369, R. S. 1881—that the judgment was duly given or made, facts conferring jurisdiction must be specially alleged.

The complaint in this case did not contain such general allegation. It was not alleged that there was any appearance by or on behalf of the defendant in said action. For the purpose of showing jurisdiction of the person of the defendant, the complaint alleged the issuing of a summoms and the return thereof by the marshal as served by reading to said Eaton.

If the record of a domestic court of inferior or limited statutory jurisdiction show facts necessary to jurisdiction, it can not be collaterally contradicted. A showing that a summons had been issued by such a court in this State, and returned as served, in a proper manner, by the proper officer, would be a showing of jurisdiction of the person of the defendant, which would conclude him from alleging no service. *Hume* v. *Conduitt,* 76 Ind. 598 ; *Reed* v. *Whitton,* 78 Ind. 579.

May a judgment, rendered in another State, when sued on in this State, be impeached for want of jurisdiction of the defendant, nothwithstanding its recitals showing jurisdiction ?

This question need not be decided in this case, for there are allegations in both of the paragraphs of answer under examination which show a defence without contradicting the recital that a summons was issued and returned as served. The first paragraph shows that the appearance of jurisdiction was obtained by the fraud of the judgment plaintiff, and of the plaintiff in this action, and of the ministerial officer, who together perpetrated a fraud upon the court and the defendant, and caused the record to show a false return of service. That this was a good defence was decided in *Cavanaugh* v. *Smith,* 84 Ind. 380. See, also, *Earle* v. *Earle,* 91 Ind. 27.

The third paragraph of answer did not contradict the recital that a summons was issued and returned as served, or the return of the officer, but showed that the defendant, in this action, was not the person of the same name upon whom the summons was served and against whom the judgment was rendered, and that no summons or other writ or notice was ever served on this defendant, who was a citizen and resident

of this State, having no notice or knowledge of the suit or summons, and never indebted to the judgment plaintiff. This was consistent with the truthfulness of the record, and showed that the judgment was not a debt of the appellee. This paragraph specially denied a necessary averment of the complaint, that the judgment was rendered against the defendant in this action.

We are strongly urged by the appellee to overrule *Westcott* v. *Brown*, 13 Ind. 83; but we do not find it necessary to pass upon the question involved in that case.

On the trial, the appellant, having introduced in evidence the private statute by which the court was established in which the judgment was rendered, offered a transcript of the record of said judgment, which, upon objection of the appellee, was excluded.

By said statute it was provided that the judge of said court should have, and exercise within the limits of the city, jurisdiction in certain civil actions named, as assumpsit, debt, trespass on the case, etc., to an amount stated.

The record offered did not contain any pleading or statement of a cause of action, or in any way show the merits of the action. The appellee objected, for this reason, to its introduction, and we think there was no error in sustaining the objection. It devolved upon the appellant to show that the merits of some cause of action of which the court had jurisdiction were tried and determined. A judgment can not be proved by parol, but must be proved by the record. *Teter* v. *Teter*, 88 Ind. 494. If the original pleadings, or copies thereof, could be introduced, it was not proposed to introduce them. A record of a judgment is an entire thing, and includes the pleadings forming the issue determined; and to prove the judgment as a cause of action, it is necessary, at least where objection is made, to prove the pleadings. Whart. Ev., section 424; *Foot* v. *Glover*, 4 Blackf. 313; *Miles* v. *Wingate*, 6 Ind. 458; *Miller* v. *Deaver*, 30 Ind. 371; *Anderson* v. *Acker-*

*man,* 88 Ind. 481; *State, ex rel.,* v. *Hawkins,* 81 Ind. 486; *Ashley* v. *Laird,* 14 Ind. 222.

We find no available error in this record, and therefore the judgment should be affirmed.

PER CURIAM.—It is ordered that the judgment be affirmed, at the costs of the appellant.

Filed Dec. 13, 1884.