## BOOTS ET AL. *v.* CANINE.

ARBITRATION.—*Action on Award.—Pleading.—Loss of Writing.*—In an action on an arbitration bond, to recover the amount of an award made by arbitrators, an allegation in the complaint, that "all the papers in said arbitration have been lost," and, notwithstanding due search, "can not be

Boots *et al. v.* Canine.

found," is a sufficient excuse for a failure to file with the complaint a copy of the submission.

SAME.—*Common Law Award.—Service of.*—The complaint in an action for the award made in a common law arbitration need not allege such service upon the defendant of a copy of the award, as is required in a statutory arbitration.

SAME.—*Defence.*—In an action to recover a common law award, it is no defence to allege facts showing, that, though it was intended that the arbitration should be a statutory arbitration, and the submission made in writing, yet it had not been made in accordance with the requirements of the statute, nor had the submission been made in writing.

SAME.—*Statutory Arbitration.*—The submission to an arbitration under the statute of this State must be made by an instrument in writing, wherein the parties shall agree that the submission shall be made a rule of a court of record, designated therein.

SAME.—*Evidence.*—In an action to recover an award, the award alone, without proof of the submission and arbitration, and of the matters arbitrated, is not sufficient evidence to entitle the plaintiff to recover.

SAME.—Where the complaint in such action alleges a submission in writing, an arbitration and an award, and that all the papers connected therewith have been lost, the plaintiff must, where issue is formed by the general denial, prove such fact.

From the Montgomery Circuit Court.

*P. S. Kennedy* and *W. T. Brush*, for appellants.

*J. McCabe*, for appellee.

HOWK, J.—Action by the appellee against the appellants.

The complaint alleged, that, for several years prior to 1873, the appellee and the appellants had been in partnership, doing business under the firm name and style of Boots, Canine & Co.; that, in said year 1873, the said partnership was dissolved, and a large amount of business remained unsettled; that said appellee withdrew from said firm, and the appellants became the successors, took all the assets, and thereby became indebted to the appellee in a large amount; that, in order to arrive at and settle the matters in difference between them, they mutually agreed to submit to arbitration all matters of difference connected with, incident to, or growing out of their said partnership; that, in pursuance of this agree-

ment, both parties filed bonds in the sum of two thousand dollars each, said Richard Canine giving, as surety on his bond, Archibald Martin, and said James Boots and John Canine giving S. P. Kennedy as surety on their bond; and said parties then and there submitted their matters in difference, in writing, to Fisher Doherty, Philo R. Simpson and Henry Wasson, who were duly and legally sworn to try the case between the parties aforesaid, and make an award; that said parties, plaintiff and defendants, were present during said arbitration and testified, with their respective witnesses, before the said arbitrators, until each party announced they had no further evidence to offer; that the said arbitrators then and there proceeded to make their award in said case on the evidence, and found that the said Boots and Canine, appellants, were indebted to said Richard Canine in the sum of twelve hundred dollars, a copy of which award is made part of the complaint and filed therewith.

It is alleged, that the award was recorded on the 8th day of May, 1873, but where, or by whom, or for what purpose, does not appear. It is averred, that the appellants were duly served with notice of said award before the commencement of this suit, and that they have wholly failed to comply with said award, and the same remains unpaid; and that all the papers in said arbitration and award have been lost and can not be found, although diligent search has been made for them where they would most likely be found. Wherefore, etc.

The appellants demurred jointly to the complaint as amended, and the demurrer was overruled, and the appellants excepted. The appellants then answered in five paragraphs, in substance, as follows:

1. A general denial.

2. That, if there was any written agreement, as alleged in the complaint, to submit the matters in difference between the said parties to arbitration, such agreement was not signed by the appellant John H. Canine, nor by his

authority, nor with his consent; nor did he ever verbally agree or consent to such arbitration; and that all that was done in and about said arbitration was done by the appellant James F. Boots, without the knowledge or authority of the appellant John H. Canine.    Wherefore said arbitration was void and of no effect.

3. That the agreement to arbitrate the matters in dispute between the appellee and the appellants was intended and agreed to be a statutory arbitration, under the act of February 3d, 1852, entitled " An act relative to arbitrations and umpirages;" that it was provided and declared, in the bond executed by the appellants and mentioned in appellee's complaint, that the award should be made a rule of the Montgomery Circuit Court, and that no written agreement was ever made by said parties to submit their differences to arbitration ; that the written agreement mentioned in said complaint was never signed by any of the parties, and that all the agreement made between the parties to submit said matters to arbitration was a verbal one.    Wherefore the appellants said that said arbitration and' award were null and void.

4. That said arbitration was intended and agreed to be a statutory arbitration, under " An act relative to arbitrations and umpirages," approved February 3d, 1852, and was in all respects to be governed by the provisions of said act; that the parties executed their bonds, each to the other, as provided in said act; that the arbitrators were sworn, as provided in said act, and witnesses were summoned to appear before said arbitrators; but the appellants averred, that the agreement to submit the matters in difference between the appellee and the appellants was never at any time reduced to writing, but the parties overlooked and neglected to prepare the necessary writings for said arbitration.

5. The award sued on was void, because it was not attested by a subscribing witness, the same having been signed by the arbitrators severally and at different places

and times, and the name of the attesting witness having been subscribed at a different time and place, and in the absence of said arbitrators; and that said attesting witness did not see any of said arbitrators sign said award; that said arbitration was intended and agreed to be a statutory, and not a common law, arbitration, and was to be governed in all respects by the statute.

The appellee demurred to each of the second, third, fourth and fifth paragraphs of the appellants' answer, upon the ground that it did not state facts sufficient to constitute a defence to the action, which demurrers were severally sustained by the court below as to each of said paragraphs, and to these decisions the appellants excepted.

The cause was then tried by the court below, and a finding made in favor of the appellee and against the appellants, for the amount of the award and interest; and the appellants' written motion for a new trial having been overruled, and their exceptions saved to this decision, judgment was rendered by the court below on its finding, from which judgment this appeal is now prosecuted.

In this court the appellants have assigned as errors the several decisions of the court below, in sustaining the appellee's demurrers to the second, third, fourth and fifth paragraphs of the appellants' answer, and in overruling the appellants' demurrer to the appellee's complaint, and also in overruling the appellants' motion for a new trial.

It is objected to the sufficiency of the appellee's complaint in this cause, that it was defective in this, that it did not contain a copy of the written agreement to submit to arbitration.

If the agreement to submit was a parol agreement, a copy of such agreement could not well be required, nor given. But, if the agreement was in writing, and a copy thereof was a necessary or proper part of the complaint, we think that the appellee showed in his complaint a sufficient excuse for his not filing such copy.

For it was averred in the complaint, "that all the papers in said arbitration and the award have been lost, and cannot be found, although diligent search has been made for them where they would most likely be found." Of course, "all the papers in the arbitration" would necessarily include the agreement of submission, if such agreement had been in writing; and if such agreement had been lost and could not be found, after diligent search, an averment of such loss would certainly be a sufficient excuse for the failure to file a copy of such agreement, if such a copy were either a necessary or proper part of the complaint.

It was also objected to the sufficiency of the complaint, that it did not show that a copy of the award had been served on the appellants within fifteen days after the signing of the same. Such a showing was wholly unnecessary in a complaint upon a common law award, such as this clearly was. If this had been a suit upon a statutory award, which it certainly was not, the appellee could not have maintained any action thereon, until, in a proper proceeding for that purpose under the statute, the award had been confirmed by the judgment of the proper court. For, until such judgment of confirmation, a statutory award is incomplete and imperfect. *Shroyer* v. *Bash*, 57 Ind. 349. The requirements of our statute are not applicable, however, to a common law arbitration, and it is not necessary to the validity of a common law award, such as the one sued on in this action, that a copy thereof should be served on each of the parties within fifteen days after the signing of such award.

In our opinion, the court below did not err in overruling the appellants' demurrer to the appellee's complaint.

The appellants complain in this court of the decisions of the court below in sustaining the appellee's demurrers to the second, third, fourth and fifth paragraphs of appellants'. answer. We need not consider these paragraphs

separately, as it seems very clear to us, that the facts stated in each of them were utterly insufficient to constitute a defence to the appellee's action. In each of these paragraphs of answer, an effort is made by appellants' counsel to show, by the facts alleged therein, that the award sued upon in this action was made in a statutory arbitration, and was governed by the requirements of the statute applicable to an award made in such an arbitration. In each of the paragraphs, we think the effort is unsuccessful, and the showing is insufficient. The two essential requisites to a statutory arbitration, which serve to distinguish it from a common law arbitration, are these:

1. That the submission to arbitration must be " by an instrument in writing;" and,

2. " That such submission be made a rule of any court of record designated in such instrument." 2 R. S. 1876, p. 317, sec. 1.

In neither one of these paragraphs of answer have the appellants stated, that the submission was made a rule of any court of record designated in an instrument in writing. It seems to us, therefore, that the arbitration, in which the award in suit was made, must be regarded as a common law arbitration. We hold that no, error was committed by the court below in sustaining the appellee's demurrer to either one of these paragraphs of answer.

The last alleged error of the court below, assigned by the appellants in this court, is the overruling of their motion for a new trial. The evidence on the trial is in the record, by a proper bill of exceptions. It appears therefrom that the only evidence adduced upon the trial was the award sued upon in this action, which was admitted by the appellants " to be the award made by the arbitrators chosen in this case," and to have been served on them before the commencement of this suit. In our opinion, this evidence was not sufficient to sustain the finding of the court below in this action. There was no evidence whatever before the court of any submission to

arbitration by the appellants, or of the matters in contro-
versy, if any, submitted to arbitration. If the submis-
sion to arbitration was in writing, as recited in the award,
and had been lost, there was no evidence before the court
of the execution of such submission by the appellants,
of its loss, or of its contents. These matters were all in
issue before the court trying the cause, and without some
sufficient evidence tending to establish them, there could
be no valid finding in favor of the appellee and against
the appellants. In the absence of any evidence whatever
in regard to these matters, or any of them, we are con-
strained to hold, as we do, that the court below erred in
overruling the appellants' motion for a new trial.

The judgment is reversed, at the appellee's costs, and
the cause is remanded, with instructions to sustain the ap-
pellants' motion for a new trial, and for further proceed-
ings.