ANDERSON ET AL. *v.* ANDERSON.

REVIEW OF JUDGMENT.—*Complaint.*—*Partition upon Award of Arbitrators.* —*Arbitration and Umpirage.*—In an action for the review of a judgment rendered in an action for partition, it appeared affirmatively by the record filed with the complaint for review, that the judgment sought to be reviewed had been rendered, over a demurrer for insufficiency and an exception, on a paragraph of the complaint for partition, counting upon a statutory award by arbitrators; but it did not appear by the record that the award and agreement of submission had ever been filed in the court named in such submission, nor that the submission and award had been proved, nor that proof had been made of due service of a copy of the award, nor that the proper court had caused such submission and award to be entered of record, and had granted a rule to show cause why judgment

should not be rendered upon the award, nor that the award had ever been confirmed by the judgment of the proper court.

*Held,* on demurrer to the complaint for review, that it is sufficient, that such paragraph of the complaint for partition was insufficient, and therefore that the judgment rendered thereon should be reviewed and reversed.

From the Franklin Circuit Court.

*B. L. Smith, G. B. Sleeth* and *J. W. Study,* for appellants.
*W. M. McCarty* and *F. J. Hall,* for appellee.

HOWK, J.—In this action the appellants sued the appellee, in a complaint of a single paragraph, to obtain a review of a former judgment of the court below, in favor of the appellee and against the appellants, for alleged errors of law appearing in the proceedings and judgment. The appellee demurred to the appellants' complaint, upon the following grounds of objection, to wit:

1. That the complaint did not state facts sufficient to constitute a cause of action;

2. For a defect of parties plaintiffs.

This demurrer was sustained by the court, and to this decision the appellants excepted, and judgment was rendered on the demurrer, in favor of the appellee and against the appellants, for the costs of this suit, from which judgment this appeal is now prosecuted.

In this court the only error assigned by the appellants is the decision of the circuit court, in sustaining the appellee's demurrer to their complaint.

In this complaint the appellants alleged, in substance, that, on the 23d day of August, 1876, the appellee filed her complaint, in three paragraphs, against the appellants in the court below, the first two paragraphs of which set forth, in substance, that, on the 1st day of January, 1874, Joseph Anderson died in Franklin county, Indiana, seized in fee of the real estate therein described, and leaving as his only heirs at law, the appellee, his widow, and the appellants, his children and grandchildren, and charging

that certain advancements had been made to certain of
the appellants, and praying partition of said real estate,
and that said advancements might be considered in making
such partition ; that the third paragraph of said complaint
stated, in substance, that Joseph G. Anderson died January
1st, 1874, seized in fee of the real estate therein described,
leaving as his only heirs the appellee and the appellants, and
that the appellee and the appellants entered into a bond,
made part of said paragraph, agreeing to refer all matters
in dispute to the arbitrament and award of Charles Miller,
Thomas Scott and James H. Moore, and that their award
should be made a rule of the Franklin Circuit Court; that
said arbitrators met and qualified, and, after hearing evi-
dence, awarded to the appellee in fee certain lands therein
described, and making a copy of the award a part of said
paragraph, and setting forth that the appellants had not
conveyed said lands to the appellee, and asking that they
be ordered and decreed to convey said lands to her, the
appellee, and averring that she had performed all of the
conditions of said award, and asking that the award be
made a rule of the court. And the appellants further
averred, that a summons was issued and served on all of
the appellants, except Jeremy H. Anderson, on or before
August 21st, 1876, and publication was made as to said
Jeremy H. Anderson prior to the last named date, and
that, on September 6th, 1876, being the third juridical day
of the September term, 1876, of the court below, the fol-
lowing proceedings were had in said cause ; that the appel-
lants, then defendants, were all defaulted and a judgment,
in substance as follows, was rendered : That the complaint
should be taken as true, that the award of the arbitrators
be made a rule of the court, and that the appellants convey
the lands awarded to the appellee, and, on default so to do,
that the judgment should vest all the right, title and inter-
est of the appellants, then defendants, in, to and over said

lands, in the appellee, her heirs and assigns forever, and stand for a deed, and a judgment for costs. The appellants further said, that, at the same term of the court, on the 8th day of September, 1876, the fifth juridical day of said term, they filed their motion to set aside the default and judgment theretofore taken against them, which motion was overruled; that thereupon the appellants, then defendants, moved the court for a new trial of said cause, upon the payment of costs, and the court overruled said motion, to each of which rulings of the court the appellants at the time excepted, and filed their bill of exceptions. The appellants filed a full, complete and correct transcript of all the proceedings in said cause, with their complaint in this case, and made the same a part thereof. The appellants prayed that the proceedings and judgment set forth in their complaint might be reviewed, vacated, set aside or modified, for the following reasons:

1. Because the finding and judgment of the court, on the first and second paragraphs of the complaint, could only have been an interlocutory judgment for partition of the lands therein described, and the appointment of commissioners to make such partition; or there should have been a finding and judgment that said lands were not susceptible of division.

2. Because the court acquired no jurisdiction of the subject-matter of the cause of action set forth in the third paragraph of the complaint, said cause of action being a statutory award of arbitrators, and no proof having been made or filed that said award or a copy had been served on the appellants, then defendants, said award not having been entered of record, and no rule of court having been granted or issued against or served upon any of the appellants, to show cause why judgment should not be rendered upon said award.

3. Because no rule of the court below was served upon

the appellants ten days prior to the rendition of the judgment making said award absolute.

4. Because the third paragraph of the complaint did not state facts sufficient to constitute a cause of action.

5. Because neither the findings nor judgment of the court show that any proof whatever was introduced to sustain any of the allegations of the complaint.

6. Because the third paragraph of the complaint, the only one upon which the judgment rendered was based, did not authorize, nor did its allegations warrant, a finding or judgment that the appellee was either awarded, or was the owner of, the one-third or any portion in fee of the lands described in the third paragraph of her complaint, for her heirs and assigns forever; but, on the contrary, the third paragraph of the complaint, and the exhibits made part thereof, showed the same to have been set apart to her for her use during life.

7. Because the third paragraph of the complaint showed, that the pretended arbitration was held by the arbitrators therein named, who assumed, and by their award undertook, to determine the claim of the parties to the arbitration, to the fee of the real estate therein described; the appellee having been the second wife of the Joseph G. Anderson named in the complaint, and having no children by him, and he having at his death children by a former wife. Said arbitration and the action of the arbitrators were therefore null and void, and unauthorized by law, and could have no binding force or effect whatever.

8. Because the court arbitrarily refused to set aside the default and judgment two days after the rendition thereof, upon the appellants' motion supported by affidavits.

9. Because the court, by its decree and judgment, ordered and directed the appellants to convey the lands described in the third paragraph of appellee's complaint to the appellee; she not having averred a tender of a deed to

the appellants, and having filed no deed to them, of any of the lands described in her complaint, her action was therefore prematurely brought.

10.   Because the court refused to grant the appellants, then defendants, a new trial upon their motion, upon the payment of all costs in said proceeding.   Wherefore, etc.

With their complaint for review, the appellants filed a complete transcript of the proceedings and judgment, which they sought to have reviewed in this action.   It is evident from this transcript, that, in the third paragraph of her complaint, the appellee counted upon a statutory award, made by certain arbitrators to whom the appellants and the appellee had submitted "all differences, damages, claims and demands whatsoever, either in law or equity," then existing between them.   It is apparent also, from the judgment in said cause, set out in said transcript, that it was rendered upon the third paragraph of the complaint, and for the enforcement of the award sued on therein.   It did not appear, however, from the transcript of the proceedings and judgment, made part of the third paragraph of the appellee's complaint in the original suit, that the award and the agreement of submission had ever been filed in the court named in such submission, as provided in section 12 of "An act relative to arbitrations and umpirages," approved February 3d, 1852.   2 R. S. 1876, p. 320.   Nor did it appear from said transcript, that the submission and award had been proved, nor that proof had been made of the due service of a copy of the award on the appellants.   Nor did it appear that the court had caused such submission and award to be entered of record, and had granted a rule thereon against the appellants to show cause why judgment should not be rendered by the court upon said award, as provided in section 13 of the above entitled act.   *Supra.*   Nor did the said transcript show that the award in suit had ever been confirmed by the

judgment of the court below, as required by the provisions of the statute.

In the case of *Shroyer* v. *Bash*, 57 Ind. 349, in construing the provisions of the above entitled act relative to arbitrations and umpirages, we said :

" Under these provisions, it is clear to our minds, that a statutory award must be regarded as merely *in fieri*, until it has the sanction of, and is confirmed by, the proper court on the hearing, in the proceeding provided by the statute for that purpose. Until such confirmation of the award, it is imperfect and incomplete, and may or may not be a valid award. The award, called for by the provisions of our statute, is an award confirmed by the proper court, in a proper proceeding for that purpose; and this is the award, which the parties execute bonds with condition to abide by and faithfully perform. In our opinion, under a fair construction of the entire statute, an action can not, and ought not to, be maintained on a statutory arbitration bond, for the enforcement of the award, until such award, in a proper proceeding for that purpose, has been confirmed by the judgment of the proper court."

In the case of *Boots* v. *Canine*, 58 Ind. 450, it was held by this court, that an action would not lie upon a statutory award, " until, in a proper proceeding for that purpose under the statute, the award had been confirmed by the judgment of the proper court. For, until such judgment of confirmation, a statutory award is incomplete and imperfect." See, also, on the point now under consideration, the case of *Martin* v. *Bevan*, 58 Ind. 282.

It is admitted by the appellee's counsel, in their argument of this cause in this court, that the judgment or decree in the original suit " was founded on the third paragraph " of the appellee's complaint, in which it was " simply sought, as at common law, to enforce performance " of the award, " and not under the statute." The appellee's counsel, in their brief of this cause, further say :

" No rule of court was served—we asked for none, wanted none; we alleged partition (by arbitration), notice of it to parties, compliance with the award by us, a default by them, and asked that they be compelled to comply by executing deeds, or, on default, the decree stand for title in severalty of the land assigned to the plaintiff below."

These admissions of the appellee's counsel show very clearly, we think, that the appellee, in the enforcement of the award made part of the third paragraph of her complaint, did not intend to be governed, and was not governed, by the provisions and requirements of the statute; for, if either of the parties to a statutory award shall fail or refuse to comply with the award, and the other party shall desire to enforce the same, the statute imperatively requires, that such other party shall ask for a rule from the proper court, against the party failing or refusing to comply with the award; that the court shall grant the rule; that, " If the rule has been served ten days or more on the adverse party before the time set for showing cause against the award, the court may proceed to examine and determine the same in his absence; or if he appear they shall proceed to hear and determine the grounds alleged against such award, if there be any; " and that, upon such hearing, " the court shall confirm the award and render judgment thereon, unless the award be vacated, or modified, or postponed," as provided in the statute, " which judgment shall have the same force and effect as judgments in other cases." 2 R. S. 1876, pp. 320, 321.

It is very clear, therefore, as it seems to us, that there is " error of law appearing in the proceedings and judgment " which the appellants seek to have reviewed in their complaint in this action, in this: That the said third paragraph of the appellee's complaint, in the original cause, upon which paragraph alone, it is admitted, the said judgment was founded, did not state facts sufficient to constitute a

cause of action against the appellants, or either of them, or to authorize or justify the court in the rendition of said judgment.

·There were, perhaps, other errors of law appearing in said proceedings and judgment, as alleged by the appellants; but this we do not decide. The error of law, which we have considered and passed upon, was amply sufficient to sustain the appellants' complaint, in this action, and to entitle them to the review and reversal of the judgment in the original cause.

We are clearly of the opinion, that the court below erred in sustaining the appellee's demurrer to the appellants' complaint.

Since the record of this cause was filed in this court, and before the submission of the case, it was suggested that the appellee had died intestate; and thereupon, on the appellants' motion, the heirs at law of the appellee, to wit, Naomi Adams and others, were substituted as appellees, and duly notified of the pendency of this appeal.

The judgment is reversed, at the costs of the heirs at law of the appellee, now deceased, and the cause is remanded, with instructions to overrule the appellee's demurrer to the appellants' complaint, and for further proceedings, in accordance with this opinion.