## John Healy v. Albert C. Isaacs.

*Proceedings in Arbitration.*—Where arbitrators in a statutory arbitration report and acknowledge their award, the court should cause the submission and award to be entered of record, and then grant a rule thereon to show cause at that or the succeeding term why judgment should not be entered. The statute does not authorize the court to confirm the award and render judgment thereon, until the rule to show cause has been served ten days or more before the return day of such rule, and until such an award is confirmed by the proper court, it remains *in fieri,* and no valid judgment can be rendered thereon.

Filed May 23, 1881.

Appeal from Vanderburgh Circuit Court.

A. and J. E. Iglehart, Charles Denby and D. B. Kumler, for appellant, cited *Wilson* v. *Vance* 55 Ind. 595, as to the office of a *nunc pro tunc* entry; as to report of referees, 35 Ind. 347; 20 id. 276; 12 id. 474; power of court to grant time to procure affidavits, *Huston* v. *Vail,* 51 Ind. 303; *Sharman* v. *Maston,* 51 Ga. 137; motion for new trial on ground of newly-discovered evidence, *Sharman* v. *Maston,* 51 Ga. 137; *Merseran* v. *Pearsall,* 6 How. 203.

W. M. Blakey, P. W. Frey, A. Gilchrist and C. H. Butterfield, for appellee.

Opinion of the court by Mr. Chief Justice Howk.

In this action the appellee sued the appellant for an accounting as to certain partnership transactions between them, as booksellers, job printers, etc., claiming that upon such accounting there would be found a balance due him of five thousand dollars, for which the appellee demanded judgment.

We do not find that any answer was filed by the appellant to the appellee's complaint; but, after the commencement of the suit, the first order of the court entered therein was, in substance, as follows:

" Now come the parties and file their written agreement, by which it appears that they have submitted all the matters in controversy herein to Herman Engle and William M. Bell, for their arbitrament and award; and said parties, now here in open court, mutually choose the said parties as arbitrators herein, and direct

them to report their award to the present term of this court. It is, therefore, ordered and decreed, that all the matters in controversy herein be referred to Herman Engle and William M. Bell, for their arbitrament and award; and they are directed to report their award to the present term of this court; and said Engle and Bell are now duly sworn, in open court, faithfully and impartially to investigate, adjust and report the matters herein submitted to their arbitrament."

This order was made and entered in this cause, at the February term, 1877, of the court below. Afterward, at the same term of the court, "the award of said arbitrators was filed and acknowledged in open court," in substance as follows:

The undersigned, arbitrators, duly selected and appointed by said parties in the above entitled action, to decide all matters in controversy between them, growing out of the books, business and accounts of the late firm of Healy, Isaacs & Co., do hereby make the following award, to-wit:

"We hereby decide that said John Healy is indebted to said Albert C. Isaacs in the sum of four thousand, eight hundred and eight $\frac{57}{100}$ dollars, and that said Healy should pay the said Isaacs that sum of money; and that said sum, when received by said Isaacs, shall be had in full settlement of the matters submitted to us for arbitration as aforesaid. We further find and decide that the costs of the clerk and sheriff in the above cause should be paid one-half thereof by the said Isaacs and half thereof by said Healy. We further find and decide that for and in behalf of our services in this arbitration each of us should receive five hundred dollars, and that said Isaacs should pay said sum to the undersigned, Herman Engle, and the said Healy should pay an equal amount to the undersigned, William M. Bell.

(Signed)                                  " HERMAN ENGLE,
"Attest: AZRO DYER.              WILLIAM M. BELL.
" February 26, 1877."

On the same day this report was filed and acknowledged an entry was made of the substance of the report on the order book, and of the judgment of the court thereon, in favor of the appellee, for the amount found due him therein from the appellant, allowing each of said arbitrators the sum of six dollars for his services, to be taxed

as costs, and adjudging that the costs be paid equally by the parties. This entry does not show any appearance of the parties, or either of them, at the time of the filing of said report, and of the rendition of judgment thereon.

Afterwards, at the same term of said court, the appellant appeared by counsel, and filed his written motions to vacate and set aside the judgment herein, and to vacate and set aside the award of said arbitrators, and also his further motion to postpone the hearing on the first two motions until the next term of the court. All of these motions were supported by affidavits, and counter-affidavits were filed by the appellee; and upon the hearing then had, each and all of the said motions were overruled by the court, and to each of these rulings the appellant excepted and filed his bill of exceptions.

In this court the appellant has assigned, as errors, the following decisions of the circuit court:

1. In entering the *nunc pro tunc* order, set out in the record;

2. In overruling his motion to set aside the award;

3. In overruling his motion to set aside the referee's finding;

4. In overruling his motion for a new trial;

5. In overruling his motion for a continuance of the hearing of his other motions; and

6. In rendering the judgment set out in the record.

The action of the circuit court, in directing the clerk to enter upon its order-book at full length the arbitrators' award or the referees' report, whichever it may be properly termed, then as of the date of the filing thereof, which is the *nunc pro tunc* order mentioned in the first alleged error, was not erroneous in our opinion, and certainly was not an available error for the reversal of the judgment below.

In considering and deciding the several questions, arising under the other alleged errors, it seems to us that the fundamental and controlling question, in the case, is this: What was the character, under the law, of the proceedings had in the case by and before Herman Engle and William M. Bell? Were the matters in controversy, between the parties to this action, submitted by them to said Engle and Bell, as arbitrators, for their arbitrament and award, under the provisions of "An act relative to arbitrations and um-

pirages," approved February 3, 1852? Or was there a reference of "all or any of the issues in the action," made by the court to said Engle and Bell, as referees, under the provisions of section 349 of the code? Was the decision of said Engle and Bell, which they reported in writing to the court, a "referees' report," or a statutory award?"

The correct decision of the case at bar depends, as we think, upon the answer which must be given to the question, whether the said Engle and Bell were acting in the case as referees, under an order of the court, or as arbitrators under and by virtue of the written submission to them, by the parties to the suit, of the matters in controversy between them. Upon this question we have no doubt, from the facts shown by the record before us, that the said Engle and Bell were acting in this case as arbitrators, under a written submission to them of the matters in controversy, made by the parties to the suit long before the idea of a reference under the code had apparently entered the mind of either of them, in an attempted conformity, at least, to and with the requirements of the statute, "relative to arbitrations and umpirages." The record shows that the appellee filed his complaint in this case, on the 25th day of August, 1876, in the vacation of the court, for the ensuing September term thereof, which began under the law on the first Monday in September. On the day of the filing of said complaint, the record shows that the parties to the suit, plaintiff and defendant, executed a written agreement of submission, in substance as follows:

"Albert C. Isaacs, Plaintiff,  } In the Vanderburgh Circuit Court,
         v.                     }      September Term, 1876.
"John Healy, Defendant.        }

"Whereas, in the above entitled suit, a controversy exists concerning what amount, if any, said Isaacs is entitled to from said Healy, on a full and correct settlement of the business, books and accounts of the late firm of Healy, Isaacs & Co.; now, therefore, said parties hereby mutually agree to submit all said matters of controversy to the arbitrament and award of Herman Engle and William M. Bell, who, in case of disagreement, shall call in a third competent book-keeper; and we agree that the award made by any two of these persons shall be binding upon us, and shall be entered

as an order or judgment of said court, in the above entitled cause ; and we agree with each other, in the penalty of five thousand dollars, to abide and faithfully perform said award.   August 25, 1876."

(Signed)                                              "A. C. ISAACS,
                                                         "JOHN HEALY."

The record further shows that on the 6th day of September, 1876, the said Engle and Bell took and subscribed an oath to the effect " that they will faithfully and fairly hear and examine the matters in controversy, and make a just award, according to the best of their understanding, in the case of Albert C. Isaacs against John Healy, submitted to them for arbitration."

The record fails to show any appearance of the parties, or action of the court, in the case, at the September term, 1876 ; and at the November term, 1876, the only entry made in the case is:   " Now here this cause is continued."

Six months after the submission of the matters in controversy to the arbitrament and award of said Engle and Bell, as arbitrators, at the February term, 1877, the first order in the case was made and entered by the court, as heretofore set out in this opinion ; and it will be seen from that order that the said Engle and Bell were designated therein as arbitrators, and were thereby directed to report their award to the court at that term.   Seven days after the entry of said order, and at the same term of the court, the said arbitrators reported their award, heretofore given, and acknowledged the same in open court, and on the same day the court rendered judgment on said award.

We are of the opinion, upon the facts shown by the record, that the said Engle and Bell were not referees under the provisions of the code, but that they were arbitrators, in a statutory arbitration, and their award, as reported to the court, was a statutory award. *Spencer* v. *Curtis*, 57 Ind. 22.   When, therefore, the arbitrators reported and acknowledged their award, it seems to us that, under the provisions of section 13 of the statute relative to arbitration, the court should have caused the submission and award to be entered of record, and should have granted a rule thereon against the appellant, " to show cause at that or the succeeding term of the court why judgment shall not be rendered upon the said award."   2 R.

S. 1876, p. 320. The court is not authorized by the statute to confirm the award and render judgment thereon, until the rule to show cause has been served ten days or more before the return-day of such rule, and until such an award is confirmed by the proper court it remains *in fieri,* and no valid judgment can be rendered thereon. *Shroyer* v. *Bash,* 57 Ind. 349; *Boots* v. *Canine,* 58 Ind. 450; *Anderson* v. *Anderson,* 65 Ind. 196.

For the reasons given, we are of the opinion that the court clearly erred in rendering the judgment on the award set out in the record, and in overruling the appellant's motion to vacate and set aside said judgment.

The judgment is reversed at the appellee's costs, and the cause is remanded, with instructions to issue a rule on the amount to show cause, etc., and for further proceedings thereon.