No. 8178.

BASH ET AL. *v.* VAN OSDOL ET AL., ADMINISTRATORS.

PRACTICE.—*Default.*—*Motion to Relieve from Judgment.*—*Excusable Neglect, When not Shown.*—A motion to set aside a default and relieve from a judgment, under section 99, 2 R. S. 1876, p. 82, showing by affidavits that the default was taken November 6th, 1878, and that, on the fourth and fifth days of that month, the party and counsel had answers ready to be filed on call of the cause, but making no reference to the sixth, when the default was entered and the judgment was rendered, does not make a case of "excusable neglect."

SAME.—*Amendment of Complaint After Default and Judgment.*—In such case, after default and judgment on a statutory arbitration bond, it was error for the court to permit the plaintiffs to amend their complaint by inserting the amount for which the award was confirmed and judgment thereon rendered.

SAME.—*Defaulted Defendant.*—*Damages.*—*Right to Trial and Exceptions.*—A defaulted defendant can not controvert anything except damages. He may demand a trial by jury, cross-examine plaintiff's witnesses, introduce evidence in mitigation, ask instructions as to the measure of damages, move for a new trial, and reserve exceptions.

SAME.—*Statutory Arbitration Bond. — Pleading. —Complaint. —Necessary Averments.*—An action on a statutory arbitration bond can not be maintained until the award has been properly confirmed. In such an action, it must be averred that, in a proper proceeding for that purpose, the award of the arbitrators has been confirmed by the judgment of the proper court.

From the Huntington Circuit Court.

*J. B. Kenner*, *L. P. Milligan* and *H. B. Sayler*, for appellants.

*B. F. Ibach* and *W. H. Trammel*, for appellees.

BICKNELL, C. C.—The appellees, as administrators of Robert Shroyer, brought this action against the appellants on a statutory arbitration bond ; see 2 R. S. 1876, p. 317. The appellants, although personally served with summons, failed to appear ; judgment by default was rendered against them on November 6th, 1878, for one thousand dollars and costs.

On November 9th, 1878, the appellants filed two affidavits, and moved thereon that the default and judgment be set aside, and that they be permitted to appear and file answers to the complaint. This motion was taken under advisement by the court ; the cause was continued for three terms successively, and on the 20th of June, 1879, the motion was overruled. The appellants appealed from the judgment. Their bill of exceptions No. 1 shows the motion, the affidavits, and the proposed answers to the complaint.

Their bill of exceptions No. 2 shows that, when the judgment was rendered, the appellees' complaint, after reciting the submission and the bond, and the making of the award for $1,701.03, in favor of Robert Shroyer and against the appellants, concluded as follows : ''That said award was made a rule of court of said circuit court, and judgment rendered thereon in the sum of ———— ; they further say that said Bash and Bash did not carry out their agreement, and did not abide by and perform the award made as therein stated ; that they did not pay the said sum of $1,701.03, or any part thereof, and that the judgment rendered on said award is wholly unpaid. Wherefore they demand judgment in the sum of $2,000, and all proper relief.''

Said bill of exceptions No. 2 further shows that, on December 30th, 1878, at the next term of the court after the term in which the judgment was rendered, and while the motion to set aside the default and judgment was pending,

the court, over the objection of the appellants, who were still appearing on said motion, permitted the appellees to amend their complaint, by filling up the blank after the words "and judgment rendered thereon in the sum of" with the words "two thousand sixty-four and $\frac{67}{100}$ dollars," to which the appellants at the time excepted. The appellants assign the following errors :

1st. The court erred in overruling the motion of appellants to set aside the default and judgment.

2d. The court erred in permitting the appellees to amend their complaint in the term of court next after judgment had been rendered and signed.

3d. The court erred in rendering judgment upon a complaint which did not state facts sufficient on which to base a judgment or make a cause of action.

As to the first error assigned, the motion to set aside the default and judgment was made under section 99 of the practice act, which authorizes the court to "relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise or excusable neglect." The ground of the motion seems to have been "excusable neglect." The default was taken and the judgment was rendered on November 6th, 1878. The affidavit of appellants' attorney shows that he intended to file answers in the case, and had his answers prepared, but his affidavit makes no reference to November 6th ; it states that, "on the morning of the 5th day of November, when affiant was absent for only a few minutes, on other business, and at a time when affiant did not expect any cases would be called, as affiant believes that a jury case was proceeding, and that he could with safety leave the room for a short time ; affiant says that he was ready to answer said complaint ; that he expected to do so on the first call, as by a rule of this court answers are due the morning after the day for which the party is summoned to appear, and was watching for said call, but did not hear

it called, and was informed the next day that the cause had been called in his absence, and a default taken.'' The foregoing is all that the affidavit contains on the subject of excusable neglect. · It is confined to what the attorney expected to do on the day before the default was taken. The truth of it in no way conflicts with the proper taking of the default on the following day; but further, the affidavit, instead of stating that defendants have a meritorious defence to the ' action, proceeds as follows : "Affiant says the plaintiff has a good and meritorious cause of action, to wit, etc.'' The affidavit of Henry Bash, one of the appellants, was also filed in support of said motion. This affidavit states that affiant employed said attorney, and that appellants' answers were prepared; that he is informed and believes that said attorney "had said answers ready on the morning of the 4th of November, that being the first day on which a default could be taken, but that, during a temporary absence of said attorney, the case · was called, default taken, and judgment rendered thereon.'' There is nothing in either of the affidavits which refers to the day on which the default was taken, or which offers any excuse for the absence of the attorney on that day. The court committed no error in overruling the appellants' motion to set aside the default and judgment.

The second error assigned raises two questions : 1st. Was it right to permit the amendment of the complaint after the close of the term at which judgment was rendered? 2d. If such amendment was improper, could the appellants, being in default, take advantage of the error?

It was held in *Maxwell* v. *Day*, 45 Ind. 509, that pleadings can not be amended after the jury has retired, or after submission of a cause to the court. In *Heddens* v. *Younglove, Massey & Co.*, 46 Ind. 212, it appeared by bill of exceptions that twenty days after verdict, and pending a motion for a new trial, the court permitted the plaintiff to amend his complaint by averring a demand before suit brought, when with-

out that averment the complaint was fatally defective; it was held that such an amendment could not be permitted after the trial, and this court said : "We can not regard the amendment as constituting a part of the complaint." In *May* v. *The State Bank*, 9 Ind. 233, it was held that, after default, the sum claimed in the declaration could not be increased by amendment, because the default admits indebtedness not exceeding the amount claimed.

It appears, from these authorities, that the court below erred in permitting the appellees, after the close of the term at which judgment was rendered, to amend their complaint by inserting the amount for which the award was confirmed and judgment thereon rendered.   The appellants, being in default, could not take advantage of this error unless it affected the question of damages.   A defaulted defendant can not controvert anything except damages.   In *Briggs* v. *Sneghan*, 45 Ind. 14, it was held that a defaulted defendant may demand a trial by jury ; he may cross-examine plaintiff's witnesses, and may introduce his own witnesses in mitigation of damages ; he may ask instructions as to the measure of damages ; he may move for a new trial ; he may reserve by bill of exceptions any question affecting the damages ; but he can not introduce a substantive defence, although he may show that plaintiff is entitled to nominal damages only. The amendment in this case had a direct bearing on the question of damages.   It was held, in *Shroyer* v. *Bash*, 57 Ind. 349, that, in an action on a statutory arbitration bond, the measure of damages is the judgment of the proper court on the award, with interest and costs, not exceeding the amount of the bond.   Where such a judgment is rendered for one cent, or without specifying any amount, only nominal damages can be recovered.   The appellants, therefore, had a right to raise this question by bill of exceptions, and the amendment now under consideration can not be regarded as a part of the appellees' complaint.

The third error assigned is, substantially, that the complaint did not state facts sufficient to constitute a cause of action. In Indiana, a statutory award is regarded as imperfect and incomplete until confirmed by the proper court, in a proper proceeding. An action can not be maintained on a statutory arbitration bond until the award has been properly confirmed. *Shroyer* v. *Bash*, 57 Ind. 349. In such an action it must be averred that, in a proper proceeding for that purpose, the award of the arbitrators has been confirmed by the judgment of the proper court. *Shroyer* v. *Bash, supra; Healy* v. *Isaacs*, 73 Ind. 226. It follows, from these decisions, that the complaint in the case at bar did not state facts sufficient to constitute a cause of action. The judgment of the court below ought to be reversed, and the cause remanded for further proceedings, in conformity with this opinion.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things reversed, at the costs of the appellees, and this cause is remanded for further proceedings, in accordance with said opinion.