## CLARK *v.* SPEARS and Another.

The assignee of a note cannot resort to a Court of chancery for relief against the assignor on account of the maker's insolvency, if there be no fraud in the assignment.

If an answer in chancery be put in issue by a replication, no part of the answer can be read by the defendant as evidence in his favour, except so much as may qualify or explain the meaning of some passage in the answer read in evidence by the complainant.

A bill of foreclosure and for a sale of mortgaged premises, averred that the mortgage was given to secure the payment of a certain promissory note. The answer admitted the execution of the note and mortgage, but alleged that judgment had been obtained on the note, and that the defendant had paid the judgment. A general replication was filed. *Held*, that the admission in the answer of the execution of the note and mortgage, was evidence against the defendant, but that the subsequent allegation of payment being a new and distinct fact, was not evidence in his favour.

ERROR to the *Tippecanoe* Circuit Court.

BLACKFORD, J.—This was a bill of foreclosure and for a sale of mortgaged premises.

The bill states, that, on, &c., the defendants executed to the complainant two promissory notes, one for 500 dollars and the other for 1,000 dollars, both payable in two years from the date ; that to secure the payment of the notes, the defendants mortgaged to the complainant certain real estate ; that after the notes became due, *Spears*, one of the defendants, paid the complainant 500 dollars, and assigned him a note then due, executed by *Taylor* and *Taylor* and *Smith*, for 500 dollars, for the note of 1,000 dollars secured by mortgage, and that the complainant thereupon gave up to *Spears* said note for 1,000 dollars ; that *Spears*, to induce the complainant to take the note against *Taylor* and *Taylor* and *Smith*, falsely

May Term, 1844.

CLARK
v.
SPEARS.

and fraudulently represented the makers to be solvent and able to pay their debts, and that the complainant being ignorant of the circumstances of the makers, was induced by such false representations to take the note, the makers being wholly insolvent; that the complainant's assignee of the last-named note obtained judgment on it against the makers at the first term after the assignment to the complainant; that execution issued on the judgment and was returned "no property found," and that the complainant paid the judgment and took back from his assignee the note on which the judgment had been obtained; that the note for 500 dollars executed to the complainant by the defendants and secured by mortgage, and also the note against *Taylor* and *Taylor* and *Smith*, remain unpaid; and that the complainant's estate in the premises has, therefore, become absolute, &c.

The answer of *Kinney*, one of the defendants, admits the execution of the notes and mortgage on which the bill is founded.

*Spears*, the other defendant, also admits in his answer the execution of the notes and mortgage; but he avers that he paid to the complainant the 500 dollars, and assigned to him the note against *Taylor* and *Taylor* and *Smith*, mentioned in the bill, in satisfaction of the note for 1,000 dollars; that the same was received by the complainant in full payment and satisfaction of the note for 1,000 dollars; and that the complainant then delivered up to the defendant said note for 1,000 dollars as satisfied. This defendant says, that the note for 500 dollars executed by him and the other defendant, was assigned by the complainant to one *Mains;* that the assignee recovered judgment on that note; and that he, this defendant, paid off the judgment. This defendant denies that he knew, when he assigned to the complainant the note against *Taylor* and *Taylor* and *Smith*, that the makers were insolvent, or that he made the false and fraudulent representations respecting them charged in the bill. He admits that *Mains* obtained judgment on the note against *Taylor* and *Taylor* and *Smith*, but says he does not know whether the complainant paid the judgment to *Mains* or not.

The complainant filed a general replication.

May Term,
1844.

CLARK
v.
SPEARS.

The cause was submitted upon bill, answers, and replication ; and the Court dismissed the bill.

The first question in this case is, did *Spears* commit a fraud in his assignment to the complainant of the note of *Taylor* and *Taylor* and *Smith?* This question must be answered in the negative. The fraud in the assignment charged in the bill, is expressly denied in the answer of *Spears*, and there is no evidence on the subject. The assignment in question, therefore, not appearing to be fraudulent, a Court of chancery has no jurisdiction as to this part of the case. The 500 dollars in cash, and the note of *Taylor* and *Taylor* and *Smith*, were delivered to the complainant, and accepted by him in satisfaction of the note of 1,000 dollars ; and if the note of *Taylor* and *Taylor* and *Smith* could not be collected, the complainant's remedy, if he have any, is by a suit at law on the assignment.

The other question in the case is, is the complainant entitled to a decree on account of the note of 500 dollars, which was given by the defendants to the complainant and secured by mortgage. The execution of the note and mortgage is admitted by the answers, but the answer of *Spears* is relied on to show that a judgment had been recovered on the note last named, and that he had paid the judgment. The answer being put in issue by the replication, no part of it could be read by the defendant as evidence in his favour, except so much as might qualify or explain the meaning of some passage in the answer read in evidence by the complainant. Here the answer admits the execution of the note and mortgage, and insists by way of avoidance on a distinct fact, viz., payment. The admission in such case is evidence against the defendant ; but the subsequent allegation of payment being a new and distinct fact, is not evidence for him. Gresley's Eq. Ev. 13.—*Hart* v. *Ten Eyck*, 2 Johns. Ch. R. 62.—*Wasson* v. *Gould*, 3 Blackf. 18.

This view of the case shows that the Circuit Court erred in dismissing the bill, and that the complainant was entitled, as the case was presented to the Court, to a decree as respects the note of 500 dollars given to him by the defendants.

*Per Curiam.* — The decree is reversed with costs. Cause remanded, &c.

May Term, 1844.

R. A. *Chandler*, for the plaintiff.

Z. *Baird*, for the defendants.