May Term,
1857.

HALL
v.
HENLINE.

---

HALL *v.* HENLINE.

Where the evidence is conflicting, it is for the jury to weigh it, and, in such cases, if there is no other error in the record, this Court will not disturb the verdict.

In an action of replevin commenced in the Circuit Court, the plea of property in a stranger, has always been good.

In replevin commenced before a justice of the peace, and taken by appeal to the Circuit Court, the defendant might, by statute, under the former practice, prove property in himself or a stranger, without pleading it.

May Term, 1857.

HALL
v.
HENLINE.

APPEAL from the *Adams* Circuit Court.

STUART, J.—Replevin for a colt of the value of 20 dollars, commenced in *September*, 1851, by *Tobias Henline*, against *Adnah Hall*, before a justice of the peace in *Wells* county.

Friday, June 5.

On the trial by the justice, *Hall* had judgment. *Henline* appealed to the *Wells* Circuit Court, and from thence took a change of venue to the *Adams* Circuit Court. Trial by jury; verdict of property in *Henline*,—that defendant unjustly detained it, &c.; and judgment upon the verdict.

At the proper time, *Hall* moved for a new trial, and upon that being overruled, he excepted, and set out the evidence.

The evidence is conflicting. It was for the jury to weigh it, and give credit to such part of it as they might think worthy of credence. In such cases, if there is no other error in the record, we cannot disturb the verdict.

The ruling of the Court in excluding certain evidence, was excepted to, and assigned for error.

After proving by two witnesses that the plaintiff, *Tobias Henline*, had admitted that the colt in controversy belonged to his father, *David Henline*, *Hall* offered to prove by one *Burwell*, a competent witness, that he, *Hall*, had bought the colt from the father for 20 dollars. To the admission of this evidence the plaintiff objected; the Court sustained the objection, and the defendant, *Hall*, excepted.

We are at a loss to know upon what ground the Court refused to admit this evidence. Had this action been commenced in the Circuit Court, a plea of property in a stranger, as in this case in *David Henline*, would have been a good plea. *Parsley* v. *Huston*, 3 Blackf. 348. Of course, evidence of property in a stranger would have been admissible to sustain the issue. In a justice's Court, the plea of property in a stranger was not, under the old practice, necessary. The defendant could prove property in himself, or a stranger, under the general issue. *Lewis* v. *Masters*, 6

Blackf. 243. Plea of property in a stranger was always a good plea in this state. *Martin* v. *Ray*, 1 Blackf. 291. And after the legislature had enlarged the defense under the general issue, the fact of property in a stranger was admissible without pleading it.

We have carefully examined the evidence contained in the bill of exceptions purporting to contain all that was given. We can see no cause for its rejection.

Being admissible and pertinent to the issue, the Court erred in rejecting it. *Harbor* v. *Morgan*, 4 Ind. R. 158.

It is unnecessary to notice the other points argued.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. P. Green*, for the appellant.