Boots *et al. v.* Canine.

Filed April 2, 1884.

---

No. 8118.

## BOOTS ET AL. *v.* CANINE.

ARBITRATION.—*Agreement to Submit.*—In a statutory arbitration the agreement to submit must be in writing.

SAME.—*Common Law Bond.*—A bond simply to secure performance of an award, and referring to, but not containing, an agreement to submit, does not supply the place of the written agreement required in a statutory arbitration.

SAME.—*Evidence.*—The fact that there was an agreement to submit can be proved only by proving the agreement itself, whether oral or written.

SAME.—*Immaterial Recital in Award.*—A recital in an award that the agreement to submit was in writing will not prevent proof that such submission was oral.

SAME.—*Pleading Withdrawn may be Used as Evidence.—Admission.*—In an action upon an arbitration bond, trial was had, a judgment rendered, and an appeal taken to the Supreme Court, upon issues formed by an answer containing a paragraph admitting that the agreement to submit was merely oral, as alleged by the plaintiff. Upon a second trial such answer was superseded by one not containing any such admission, but the plaintiff was permitted to put in evidence the former answer containing such admission.

*Held,* that the evidence was competent, but not conclusive, as an admission.

From the Montgomery Circuit Court.

*E. C. Snyder, P. S. Kennedy* and *W. T. Brush,* for appellants.

*J. M. Thompson, W. H. Thompson, J. E. McDonald, J. M. Butler* and *A. L. Mason,* for appellee.

ELLIOTT, J.—This case is here for the second time. When it was in this court the first time, it was decided that the award sued on was a common law and not a statutory award, and that the complaint as it then stood was good. *Boots* v. *Ca-*

*nine,* 58 Ind. 450. These questions are conclusively settled. Where an appellate court pronounces judgment upon questions directly before it, and necessarily involved in the case, that judgment controls the case, upon the points directly decided, throughout all its subsequent steps.

Appellants claim that the answer filed since the case was sent back to the trial court shows that the award is a statutory one. It is alleged in this answer that two bonds were executed; that they contained a provision for submitting the matters in dispute to arbitration, and that the award should be made an order of court.

We do not think the bonds can be regarded as occupying the place of a written agreement to submit the matters to arbitration and to cause the award to be reported to a court. The bonds merely bind the parties to abide the award. They are nothing more than the usual bonds executed to secure performance of the award in common law arbitrations. Bonds executed for that purpose can not be deemed the written agreement of submission so as to constitute the arbitration a statutory one. The bonds under immediate mention refer to an agreement, and do not of themselves purport to be that agreement, but are, as their terms plainly import, merely collateral. A distinctive feature of a statutory arbitration is that the submission shall be in writing. *Boots* v. *Canine, supra.* A bond to secure performance of the award is not the written agreement contemplated by the statute. We do not mean to say that such an agreement may not be incorporated in the bond, but we do mean to say that where the bond expressly refers to an agreement of submission and contains nothing more than the provisions ordinarily found in bonds executed in common law arbitrations, it can not be deemed a written agreement of submission within the meaning of the statute.

The award states that the agreement to submit was in writing, and the appellants argue that parol evidence was not competent to show that it was an oral one. We do not regard

the recital in the award as being either within the spirit or the letter of the rule prohibiting the introduction of parol evidence to vary or alter a written instrument. A recital of this character is not the statement of any material part of the award, and, in strictness, forms no part of it when considered as an instrument of evidence. A text-writer, speaking of a decision upon this subject, says: "The court, in the cited case, said, generally, that the award can be evidence only of those matters in respect of which the parties or the court, from whom it derives its validity and effect, have made it evidence." Morse Arb. & Award, 529. On principle this must be so. The parties do not authorize the arbitrators to supply evidence of their agreement to submit. The oral agreement, or the written contract, is the evidence of the submission, not the statements of the award. In *Still* v. *Halford*, 4 Campb. 17, it was held that a recital in an award that the two arbitrators had appointed a third to act with them was no evidence of such appointment. In speaking of an agreement to submit, an English writer says: "As it is a contract deriving its force from the consent of the parties, and not from the rule, it ought to be proved like any other contract." Russell Awards (4th ed.), 529. No error was committed in permitting appellee to prove the agreement to submit to arbitration.

The trial court did not err in permitting appellee to read in evidence answers filed by the appellants, although they were subsequently superseded by amendment or withdrawn. The question is presented in a peculiar form, and, as presented, we are clear that this ruling should not be allowed to reverse the judgment. The record shows that there had been issues formed and a trial had; that the appellants successfully relied upon their answers, and the case came to this court, and the judgment was reversed, but not upon the answers; and that after this reversal the original answers were superseded by amendment. The record thus recites the proceeding on the trial: "The plaintiff then offered in evidence the original complaint and answers for the purpose of proving by one of

the paragraphs of the answer that the defendants had admitted that the agreement to submit to arbitration was verbal, and not in writing, to the introduction of which evidence the defendants objected, on the grounds that the statements of a party made in his pleadings, where they are not sworn to, are not admissible against him." It will be observed that the answers had stood through one trial and through an appeal as statements of the appellants' defence, and that they had placed these pleadings before the trial and appellate courts as true statements of the facts of their case. We can perceive no reason why the answers did not, under these circumstances, constitute some evidence of the facts stated in them.

It is quite firmly settled that the question is not as to the weight of evidence, but as to its competency and relevancy. In *Harbor* v. *Morgan,* 4 Ind. 158, it was decided: "When evidence is pertinent to the issue, it should be admitted, however little it may seemingly tend to prove." This doctrine is approved in *Hall* v. *Henline,* 9 Ind. 256, and *Nave* v. *Flack,* 90 Ind. 205. The question is, then, not what the weight of the evidence is, but whether it was competent, for, if competent, there was no error in admitting it, however little it may have tended to prove.

It is not doubted that admissions in pleadings are not conclusive when used merely as evidence and not as part of the proceedings in the cause. On the contrary, they are, when so used, fully open to contradiction or explanation. We shall presently speak of cases where these admissions assume a conclusive character. Just now we are speaking of their admissibility as evidence. We think the rule is correctly stated by Mr. Wharton, who says: "It is proper to add at this place that the pleadings of a party in one suit may be used as evidence against him in another, not as estoppel, but as proof, open to rebuttal and explanation, that he admitted certain facts." 1 Whart. Ev., section 838. This is what we rule here, the answer, having been affirmed to be true for several years, and acted upon through one trial and one appeal,

should be deemed evidence of admissions, but evidence open to explanation.

It is well known that the common law recognized fictions in pleading, and did not, in any way, require pleadings to state the truth, but even under that system the decided weight of authority was that the pleadings of a party were admissible against him. *Bliss* v. *Nichols,* 12 Allen, 443; *Currier* v. *Silloway,* 1 Allen, 19; *Gordon* v. *Parmelee,* 2 Allen, 212; *Hammatt* v. *Russ,* 16 Maine, 171; *Tabb* v. *Cabell,* 17 Grat. 160.

But it is not necessary to refer to common law authorities, for our statute has adopted the equity practice. We treat pleadings as statutory fact not fictions. All the cases upon this subject agree upon this point. We are therefore to look to chancery rather than common law rules. *Scott* v. *Crawford,* 12 Ind. 410; Pom. Rem., sections 507, 508, 517. Commencing with the early authorities, we shall find an unbroken line arrayed in favor of the doctrine that pleadings in chancery are always admissible in evidence. It is said by an author whose book has long occupied a high place, that " The bill in chancery is evidence against the complainant, for the allegations of every man's bill shall be supposed true; nor shall it be supposed to be preferred by a counsel, or solicitor without the party's privity, and therefore it amounts to the confession and admission of the truth of any fact." Buller *Nisi Prius,* 235. The ground given by this author for his conclusion applies to all pleadings, and more strongly to code pleadings than others, for, under the code, pleadings are required to state facts. It surely would be a violation of all rules to treat a pleading as a mere meaningless collection of words, or else as a mere collection of fictions. It is to be observed that the reason why bills in chancery are evidence is, not because they are sworn to, but because they are presumed to state facts. This is clear from what appears in our quotation as well as from the known rule that bills were not always required to be verified. But all doubt is removed by what this author says at another place, for we there find it written : " If the

bill be evidence against the complainant, much more is the answer against the defendant; because this is delivered in upon oath." Buller *Nisi Prius*, 237. The theory of all the authorities upon this subject is that chancery pleadings are admissible in evidence because they are presumed to truly state the facts. Gresley Eq. Ev. 13; *Hart* v. *TenEyck*, 2 Johns. Ch. 62.

If it can be said that courts can presume that an answer under our code does not state facts, then it may be logically said that it is not evidence, but if the presumption is, that it does state facts, then it is logically inconceivable that it should not be evidence against the party. But we need not go outside of our own State for authorities. In *McNutt* v. *Dare*, 8 Blackf. 35, it was said: "There is another reason why the plaintiffs could not object to the evidence. It was a part of their own answer to the bill of discovery; and the answer of a party is legal evidence against him." In *Clark* v. *Spears*, 7 Blackf. 96, it was said by BLACKFORD, J., in speaking of a defendant's answer, that "The admission in such a case is evidence against the defendant." As sustaining the doctrine that chancery pleadings are admissible in evidence we cite, *Kiddie* v. *Debrutz*, 1 Hayw. 420; *Mims* v. *Mims*, 3 J. J. Marsh. 103; *Roberts* v. *Tennell*, 3 Mon. 247; *Hunter* v. *Jones*, 6 Rand. 541. In the recent case of *Brown* v. *Jewett*, 120 Mass. 215, it was held that a bill in chancery signed by another party was evidence against the defendant if it appeared that he "authorized the bringing of the bill for the purpose set forth in the bill." It seems clear that as we have substantially adopted the chancery practice, pleadings must be presumed to be true, and, therefore, to constitute evidence, and this, without further discussion, should settle the case.

When we turn to the provisions of the code, and to the decisions of the courts where the code practice prevails, we shall find that there are still stronger reasons for holding that pleadings are admissible in evidence. Our code imperatively re-

quires that pleadings shall state facts, but it does not stop with this command. It provides that "All fictions in pleading are abolished." R. S. 1881, section 378. It is several times declared that pleadings not sworn to shall have the same effect as pleadings sworn to. It is simply absurd to say that under our code the statements in the pleadings are mere fictions, and if they are not fictions then they are facts, and if facts in some cases, and in others conclusive admissions of record, then they are evidence. An admission in a pleading is the admission of matters of fact; this seems so plain that it is difficult to understand how the contrary doctrine can be seriously asserted. One among the earliest cases on the subject declares that "The spirit of the code is, that the parties shall place upon the record, in the form of averments, the real facts of the case, eschewing all fictions and repetitions." *Shinloub* v. *Ammerman*, 7 Ind. 347. This is the holding of all our cases; there is not a break in the long line. An answer in confession and avoidance is an admission of facts, and we suppose no lawyer will assert that admissions are not evidence. Either an affirmative answer is this or it is nothing, a mere figment.

The courts of the States where the code practice prevails are unanimous on the right to introduce admissions contained in pleadings in evidence, with the possible exception of California, where there seems to be a direct conflict. It was held in *Broadrup* v. *Woodman*, 27 Ohio St. 553, that a party's answer is admissible in evidence. The Supreme Court of Kansas, in *Hobson* v. *Ogden*, 16 Kan. 388, speaking of an answer, used this language: "Of course, as admissions of one of the defendants, they were good as against him." To the same effect is the decision in *Solomon R. R. Co.* v. *Jones*, 30 Kan. 601. In *Ayres* v. *Hartford F. Ins. Co.*, 17 Iowa, 176, it was held, Judge DILLON delivering the opinion, that an answer was competent evidence. In *Meade* v. *Black*, 22 Wis. 241, the court held the same doctrine. The same holding is made in *Cook* v. *Barr*, 44 N. Y. 156, where it was said: "When a

Boots *et al. v.* Canine.

party to a civil action has made admissions of facts material
to the issue in the action, it is always competent for the ad-
verse party to give them in evidence; and it matters not
whether the admissions were in writing or by parol, nor
when nor to whom they were made.   Admissions do not fur-
nish conclusive evidence of the facts admitted, unless they were
made under such circumstances as to constitute an estoppel,
or were made in the pleadings in an action, when they are
conclusive in that action.  They may be contained in a letter
addressed to the opposite party, or to a third person, and in
either case are entitled to equal weight and credit.   They are
received in evidence, because of the great probability that a
party would not admit or state anything against himself or
his own interest unless it were true.  And I am unable to see
why the rule does not apply to admissions contained in the
pleadings in an action under our system of practice, which
requires the facts to be alleged truly in the pleadings." In
*Fogg* v. *Edwards*, 27 Hun, 90, it was held that a party has
a right to introduce in evidence an answer, although it has
been withdrawn.   The court, in *Strong* v. *Dwight*, 11 Abbott
Pr. N. S. 319, granted leave to supersede answers by amend-
ment, but held that the defendant should leave the original on
file, so that, to use the language of the court, "the plain-
tiff can use the existing original answer as evidence on the
trial, to prove the defendant's admission."  These authorities
are conclusively in favor of the ruling of the court below,
and in opposition to them are cited the cases from California
and one from New Hampshire.  The former cases, as we have
said, are directly in conflict with another decision of the same
court, and no authortiy is cited in their support, and the rea-
soning is far from satisfactory.  The New Hampshire case of
*Kimball* v. *Bellows*, 13 N. H. 58, is not applicable to plead-
ings under the code system, but if it were it could not be fol-
lowed, because it is in conflict with the great weight of au-
thority as to the admissibility of common law pleadings; it

is, indeed, in direct conflict with a decision of the same court, that of *Cilley* v. *Jenness,* 2 N. H. 87.

Admissions in pleadings are sometimes conclusive, but they are not so in a case like the present. One class of cases where the admissions are conclusive is that in which judgment has been pronounced upon the issues joined. Another class is that in which the pleadings, without diversity of statement, make distinct admissions and are left standing. As an example of the latter class may be given that of a defendant pleading payment only to a complaint on a promissory note. In such a case he can not dispute the execution of the note. In the present case the admissions, like ordinary verbal or written admissions, are fully open to explanation, but they are nevertheless admissions, and as such are competent evidence. Like other admissions, all the statements of the whole pleading are to be taken together, what makes for the pleader as well as what makes against him. Where the paragraphs of an answer are contradictory one does not necessarily destroy the other, nor does one necessarily control the entire pleading. It may often happen that because of the circumstances under which the pleading is filed, or because of the nature of the contradictory paragraphs, the admissions will be of such little value as to make them immaterial, and in such a case there would be no available error in excluding them, nor would there be error in admitting them. But in the present case we do not think that the admissions made in a pleading which had so long been adhered to and acted upon by the party can be deemed immaterial.

We should feel that we were doing an idle thing if we should undertake to cite authority upon the proposition that a party can not be deprived of his right to give in evidence an admission, because the latter had withdrawn it. Even in criminal cases, an admission made by the accused before the examining magistrate is not rendered incompetent by a subsequent withdrawal. The withdrawal of an admission may,

in proper cases, go in explanation, but it can not change the rule as to its competency. We have never, until the argument in this case, known it to be asserted that the withdrawal of a confession or an admission destroyed its competency as evidence against the person making it. If it did, then criminals might destroy evidence by retraction, and parties escape admissions by a like course. The law tolerates no such illogical procedure. It is proper to show the withdrawal and all attendant circumstances, for the purpose of determining the weight to be attached to the admission, but not for the purpose of destroying its competency.

The cases of *Colter* v. *Galloway*, 68 Ind. 219, and *New Albany, etc., P. R. Co.* v. *Stallcup*, 62 Ind. 345, are in line with what we here decide, and are well sustained. In the former case it was said, in speaking of pleadings left standing: "The pleadings in the cause are before the court, and constitute a part of its proceedings, without being introduced in evidence. The averments contained in, and admissions, if any, made by, such pleadings, may be commented upon before the jury in the same manner as any other facts appearing in the cause." This is the law where pleadings are not withdrawn, and where there are no contradictory pleas. When withdrawn they are no longer pleadings in the case, but may become evidence. It has been over and over again decided that when pleadings are superseded by amendment they must be brought again before the court by some appropriate method, and in such a case as this that method is by offering them in evidence. In *Paige* v. *Willet*, 38 N. Y. 28, the court said: "While the answer stood upon the record, the defendant was not at liberty to raise an issue which he had emphatically closed. * * * Such admissions are conclusive upon the parties litigant, and upon the court, and no countervailing evidence can properly be received." *White* v. *Smith*, 46 N. Y. 418. If it be true, as it undeniably is, that an admission in a pleading operates against a party, then it must also be true that he can not, by

any act of his own, destroy its competency. To hold otherwise would be to declare that a party may, by a retraction, deprive his adversary of admissions previously made, and surely no one will seriously contend that this can be the law. In the well considered case of *Mott* v. *Consumers' Ice Co.*, 73 N. Y. 543, the original answers were superseded by amendment, and both court and counsel, although the case was well contested and ably argued, treated the right to admit the original answers as beyond dispute, and debated only the question whether they were or were not conclusive, the court holding, as we hold, that they were admissible, but not conclusive.

In the last brief of appellants' counsel it is virtually conceded that the superseded answers would be admissible in a different case, but not in the same case in which they were originally filed. Many of the cases we have cited expose the fallacy of this argument, but it is so apparent that it does not require authority to overthrow it. An admission is an admission, however made, and is just as competent in one case as in another. The competency of an admission does not depend upon the case in which it is offered. If it was voluntarily made and is relevant to the issue, it is admissible against the party making it, although made in the progress of the same cause. If the position of counsel were correct, then the plaintiff, to get the benefit of the admission in the pleading, must dismiss the pending case and commence another, and surely there is neither reason nor law for such a course.

We rule that under the circumstances of this case there was no available error in admitting the answers in evidence, and this is all the record requires us to decide, and it is all we do decide upon this point. Judgment affirmed.

Filed April 3, 1884.