Filed March 29, 1887.

---

No. 11,351.

THE GRAND RAPIDS AND INDIANA RAILROAD COMPANY *v.* DILLER.

EVIDENCE.—*Conversation.* — *Admissions.* — *Railroad.* — *Injury at Crossing.* — *Statutory Signals.*—In an action against a railroad company to recover damages for an injury at a highway crossing, alleged to have been caused by the failure of the defendant to give the signals required by law, a conversation between the injured party and the engineer of the

train, a few minutes after the accident, concerning the giving of the signals and containing admissions by the former, is admissible in evidence.

From the Allen Superior Court.

*A. A. Chapin* and *W. S. O'Rourke,* for appellant.

*W. H. Coombs, R. C. Bell* and *S. L. Morris,* for appellee.

ELLIOTT, C. J.—The appellee was injured in a collision between one of appellant's trains and a wagon in which he was seated. The collision occurred on a highway crossing, and an essential fact in the appellee's case, which it became necessary for him to establish, was, that the engineer of the train neglected to give the signal required by the statute.

On the trial the appellant produced a witness who testified that she saw the collision, and that she heard a conversation between the appellee and the engineer of the train, a few minutes after it occurred, and that she heard the former ask the latter why he did not blow the whistle? The appellant thereupon offered to prove that the engineer said, in answer to appellee's question, that " he did whistle ; " that the appellee said : " You whistled too far off," and the engineer replied : " If I had whistled up this way further, he (the appellee) would have said if I had whistled nearer, I was too near to whistle."

We are clearly of the opinion that the trial court erred in excluding this evidence.

The statements to the appellee and his answers were proper, for they were in the nature of admissions. The question is, not what weight they were entitled to, but whether they should have been considered by the jury at all. Where evidence is relevant and not altogether immaterial, the court must admit it. *Union M. L. Ins. Co.* v. *Buchanan,* 100 Ind. 63, p. 73 ; *Lanman* v. *Crooker,* 97 Ind. 163 (49 Am. R. 437) ; *Boots* v. *Canine,* 94 Ind. 408 ; *Nave* v. *Flack,* 90 Ind. 205 (46 Am. R. 205) ; *Hall* v. *Henline,* 9 Ind. 256 ; *Harbor* v. *Morgan,* 4 Ind. 158.

It is a general rule of evidence, that where competent declarations are made in the course of a conversation, all that is said upon the subject is admissible. 1 Greenl. Ev., section 201. It was, therefore, the duty of the court to have admitted in evidence the statements of the engineer and the replies of the appellee.

The excluded evidence was upon a material point, and one upon which there was a sharp conflict in the evidence, and it can not be deemed immaterial.

We do not deem it necessary to discuss the other questions in the case, as they may not arise on another trial.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

ZOLLARS, J., did not participate in the decision of this case.

Filed Jan. 6, 1887; petition for a rehearing overruled Feb. 25, 1887.