The Baltimore and Ohio and Chicago Railway Company *v.* Evarts.

No. 12,970.

THE BALTIMORE AND OHIO AND CHICAGO RAILWAY COMPANY *v.* EVARTS.

| 112 | 533 |
| 116 | 197 |
| 112 | 533 |
| 124 | 514 |
| 112 | 533 |
| 143 | 274 |
| 112 | 533 |
| 162 | 542 |

EVIDENCE.— *Withdrawn Paragraph of Complaint.*—*Introduction by Defendant.* —A paragraph of complaint which has been withdrawn by a dismissal may be introduced in evidence by the defendant.

SAME.—*Admissions.*—*Material Error.*—Where the paragraph withdrawn tends, by way of admissions, to prove that the plaintiff's theory, as ultimately relied upon for a recovery, is unsound, its exclusion from the jury is a material error.

From the LaPorte Circuit Court.

*D. J. Wile, F. E. Osborn, H. Newbegin* and *B. B. Kingsbury,* for appellant.

*F. Church* and *J. F. Church,* for appellee.

ELLIOTT, J.—The complaint of the appellee as originally filed was in two paragraphs, both seeking a recovery for a mare and colt killed by a locomotive of the appellant.

The second paragraph of the complaint was withdrawn by a dismissal, and after this had been done the appellant unsuccessfully offered it in evidence. We think the pleading was admissible.

In *Boots* v. *Canine,* 94 Ind. 408, the question was fully discussed and many authorities cited. It was there held that a pleading like that before us should be received in evidence. We do not deem it necessary to again discuss the question, but content ourselves with adding to the authorities collected in *Boots* v. *Canine, supra,* the following authorities, which fully sustain our ruling: *Gordon* v. *Parmelee,* 2 Allen, 212; *Bliss* v. *Nichols,* 12 Allen, 443; *Fogg* v. *Edwards,* 20 Hun, 90; *Frearson* v. *Loe,* L. R. 9 Chan. Div. 48 (25 Moak Eng. Rep. 747, 763).

Appellee's counsel do not controvert the position of appellant upon the legal proposition, but endeavor to avoid it by

asserting that the exclusion of the evidence was a harmless error. In this they are not successful.

In *Harbor* v. *Morgan*, 4 Ind. 158, it was said : " When evidence is pertinent to the issue, it should be admitted, however little it may seemingly tend to prove." This doctrine has been approved in many cases. *Hall* v. *Henline*, 9 Ind. 256 ; *Nave* v. *Flack*, 90 Ind. 205 (46 Am. R. 205) ; *Boots* v. *Canine, supra ; Lanman* v. *Crooker*, 97 Ind. 163 ; *Union, etc., Ins. Co.* v. *Buchanan*, 100 Ind. 63 ; *Grand Rapids, etc., R. R. Co.* v. *Diller*, 110 Ind. 223.

The second paragraph of the complaint did tend to prove that the appellee's theory, as ultimately relied upon for a recovery, was unsound. The second paragraph counted on the negligence of the appellant in running its locomotive on the mare while she was on a public crossing, whereas the first paragraph counted on the breach of the statutory duty to securely fence the track. It is obvious, therefore, that the second paragraph impliedly admits that the killing of the mare was not owing to the insecurity of the fences or cattle-guards, but to the negligence of the company in killing the mare while on the public crossing. This is an admission that the mare was not killed at a place where the appellant was bound to fence, and the appellant was entitled to the benefit of the admission. It is true that the pleading avers that the cattle-guard was insufficient, but this does not break the force of the admission that the mare was killed on a public crossing. If the mare was killed on the crossing, then, although there was an insufficient cattle-guard near it, the appellant would not be liable unless its employees were guilty of negligence in running upon the mare. Nor is this all. If the mare was killed on the crossing, contributory negligence on the part of the appellee would defeat a recovery ; but if she was killed at a place where the appellant was bound to fence, and had not securely fenced, then contributory negligence would not defeat the action. It is apparent from

these considerations that the admissions of the second paragraph of the complaint were not unimportant.

The case is a close one upon the evidence, and it was a harmful error to deprive the appellant of any competent evidence.

The admission contained in the appellee's pleading was undoubtedly open to explanation. It was not in any sense conclusive, but it was, nevertheless, an admission. A party who makes an admission, either verbal or written, can not make it incompetent by withdrawing it, although the withdrawal may tend to weaken its force. While all admissions that are not conclusive may be shown to be founded on a mistake, or may be otherwise explained, they remain competent evidence to go to the jury for what they may be worth. In this instance the appellee had a right to show under what circumstances his pleading was written, and to explain or contradict it by any competent evidence, but he could not destroy its competency by a withdrawal.

As the case must be again tried, we do not deem it proper to discuss the questions presented on the evidence.

Judgment reversed.

