BLANKS et al. v. KLEIN et al.

Circuit Court of Appeals, Fifth Circuit. June 20, 1892.)

No. 19.

1. ESTOPPEL—ADMISSIONS—PLEADINGS IN ANOTHER CASE.

Judicial admissions and pleadings by a party in another suit do not operate as an estoppel, but are open to explanation or rebuttal, especially when the fact admitted was not in issue in such other suit, and the pleading was signed without reading it.

2. FRAUDULENT CONVEYANCES—EVIDENCE.

A father and son, who owned, as partners, in Memphis, a banking business, and also real estate estimated at $400,000, sold to the father's wife two store lots and buildings for $24,000. This sum she paid by checks on the bank, where she had deposited moneys which came to her from her mother's estate in New Orleans. The deed was at once delivered, but nothing was said of the sale to outsiders, and the deed was not recorded for 10 months, and on the day before the bank failed. The son continued to collect the rents from the property as theretofore, but he was general business manager for his mother, and had long collected rents from her other property. The positive testimony all tended to show good faith on the wife's part. *Held*, that neither the collection of the rents nor the withholding of the deed was evidence of fraud on her part.

3. SAME.

It was immaterial whether the proceeds of her mother's estate were remitted from New Orleans in cash or by credit to the bank, it being enough that the sum was legally placed to her credit.

4. SAME.

In view of the large amount of real estate owned by the firm, there can be no presumption that the sale, if known, would have affected the standing of the bank, or that it would have affected the action of creditors in making deposits.

Appeal from the Circuit Court of the United States for the Western Division of the Southern District of Mississippi.

In Equity. Bill by A. L. Blanks, a resident and citizen of Alabama, and F. W. Starke, representative of Margaret Starke, deceased, a resident and citizen of Germany, against Mrs. E. B. Klein individually and as executrix of John A. Klein, deceased, and George M. Klein, all residents and citizens of Warren county, Miss., to set aside an alleged fraudulent conveyance of real estate. The circuit court dismissed the bill, and complainants appeal. Affirmed.

There was a prior hearing on motion for an alternative mandamus to the clerk below to certify a copy of the record. See 2 U. S. App. 155, 1 C. C. A. 254, 49 Fed. Rep. 1.

Statement by LOCKE, District Judge:

In 1882, John A. Klein and George M. Klein, father and son, were engaged in the banking business in Vicksburg, Miss., as copartners under the name and style of the Mississippi Valley Bank, and owned, together with their banking business, large amounts of real estate. On December 23, 1882, they conveyed by deed with general warranty to Mrs. E. B. Klein, appellee herein, wife of one and mother of the other, two store lots, with buildings, situated in that city, for the consideration of $24,000, which amount had come from her mother's estate, and was to her credit in the bank of her husband and son, and was paid by checks upon said bank. The deed was put away by her, but was not recorded until November 20, 1883. Mrs. Klein had other pieces of real estate, the rents of which were collected by her son, and the accounts kept at the bank. No notice was given of the sale to the tenants or any one else, and her son collected and kept an account of the rents of these two pieces of property, the same as he did of the others, although there does not appear any effort to conceal the transaction, or

any suggestion or understanding that it should be kept secret. The day after the filing of the deed for record—November 20, 1883—the bank failed, and closed its doors, and this is a suit in equity brought by several of the creditors of the bank to subject these two pieces of property to their judgments obtained in suits against Mrs. E. B. Klein, as executrix of J. A. Klein, deceased, and George M. Klein, his partner, returned nulla bona.

John A. Klein, the senior member of the banking firm, had been in failing health for some time, and at the time of the failure of the bank had so lost his strength of mind that he transacted no business; nor was he informed of the failure before his death, which occurred in the February following. The condition of his health and mental strength at the time of the execution of this deed of conveyance is in question. There was no question of insufficient consideration to the credit of Mrs. Klein on the books of the bank, the amount for which the checks were drawn at that time, or whether it came from the estate of her mother, and was her own private property. In the circuit court the bill was dismissed, and from that judgment this appeal has been taken.

Wade R. Young, (M. Marshall, of counsel,) for appellants.

T. C. Catchings and M. Dabney, for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

LOCKE, District Judge, after stating the facts as above, delivered the opinion of the court.

The only question for determination in the case before us is the good faith of Mrs. E. B. Klein in purchasing the property in question, and receiving and holding the deed, and finally having it recorded. The fraudulent intent of any one else, if proven, could not affect her title, unless it could be shown that she was a party to it, intending that it should be used to the injury of the creditors. The substance of the assignment of errors is contained in the eighth assignment,— that the court erred in finding the law and the facts against the complainants, and in dismissing the bill. In determining this question all others will be considered.

Mrs. Klein denied on oath any fraudulent intent, and testified positively to the good faith of the transaction, the payment of the consideration in full, her utter ignorance of the involved condition of her husband and son's bank, and her not knowing the necessity of recording the deed, or of any injurious effect from the nonrecording of it; and the question is whether the circumstances of the failing health of her husband, John A. Klein, the nonrecording of the deed until the day preceding the failure of the bank, the lack of notice to tenants of the sale, and the continued collecting of the rents and caring of the property by George M. Klein, were sufficient to establish the presumption of fraud on the part of Mrs. Klein. The burden of establishing by legal proof the charges in the bill is upon appellants.

The first ground taken by them is that John A. Klein, at the time of the pretended conveyance, was so feeble in mind as not to comprehend any business matters, and therefore without capacity to contract. If this was so, the conveyance would, of course, be null and void. Examining the entire evidence upon that question, the first that we find is contained in the answer of Mrs. Klein in the case of the Valley National Bank of St. Louis vs. Geo. Irving et al., in which she says her husband "had been afflicted with disease which was

surely and gradually undermining his intellect and understanding, and that for about a year he had become wholly non compos mentis, and was incapable of understanding any business transaction;" and in a deposition of George M. Klein, taken in the same case, who says: "My father was in the mental condition that he was at the time of the failure of the bank about a year before that time. I can't say within a few months, but that is my recollection." In that same deposition he says: "From a period about six months after that time, until the failure of the bank, I perceived that his mind was growing so much weaker with his physical decline that, although he talked with me frequently about business matters, I saw that his mental condition was such as not to warrant me in acting upon any suggestion he might then make me." The time from which he measures a period of six months was the time of signing a power of attorney, which was July 5, 1882. A period of six months would carry it to January 5, 1883, or some days after the date of the execution of the deed. These are the only items of evidence tending to show the mental incapacity of John A. Klein. His mental condition at the time of executing this deed was not a question under consideration in the suit in which this answer was made, and deposition taken, but from this answer alone it is claimed that Mrs. Klein is stopped from denying his condition as set up in that answer at that time. Even were these assertions direct and positive, (which they are not,) we do not consider they would estop her from setting up and proving a different condition of things in this case. Judicial admissions and pleadings of a party in another suit than the one under consideration are open to explanation or rebuttal, or it may be shown that they were made by mistake. "Pleadings of a party in one suit may be used in evidence against him in another, not as estoppel, but as proof, open to rebuttal and explanation, that he admitted certain facts." 2 Whart. Ev. § 838. "The qualities of an estoppel which are imputable to a party's plea, so far as concerns the particular case in which they are pleaded, are not imputable to such pleas when offered in evidence collaterally." Id. § 1117. If the allegations of this answer are not accepted as an estoppel, (as we do not consider they are,) they can be contradicted by the direct and positive evidence of eight witnesses, including the medical attendant and the pastor of Mr. Klein, as well as the explanation of Mrs. Klein, as to the circumstances of her signing the answer referred to without reading it; and we can but come to the conclusion that Mr. John A. Klein was mentally competent to contract at the time of the execution of this deed, and that, when made, it was valid and binding.

It matters not the manner of payment,—whether the proceeds of her mother's property in New Orleans were remitted in cash or by credit to the bank, and so placed to her account. The amount stood there to her credit, properly and legally obtained, whether in cash, checks, or credits. Whether or not she was aware of the manner in which the collections and transmissions had been made could raise no presumption of a collusive or fraudulent intent on her part.

George M. Klein had had charge of the transaction of his mother's business, the collecting and keeping accounts of rents, for years. She

had implicitly trusted him, and there is nothing to show that she had the least cause to believe or suspect that her confidence was misplaced, or that there was any reason why that course should not be continued. He collected the rents from her other property, and the fact that he still continued to collect the rents from this property after the purchase is, to us, no evidence that she must have permitted him so to do with a fraudulent knowledge. Had the transactions been between strangers, who had never before had such intimate business relations, the presumption would have been much stronger; but a change of the confidential business relations which had existed between Mrs. Klein and her son so long would have been more apt to awaken suspicion of her knowledge of the embarrassed condition of their affairs than would a continuation of such trust and confidence. It does not appear that she ever examined or scrutinized the accounts of the bank as to her rents or their collections, but left the keeping of them entirely to the employes, and accepted them without question. We can see nothing in her course of trust in her son, and her confiding her business transactions to his care, that can raise the presumption of bad faith.

In regard to the holding of the deed from record, the language of the supreme court of Mississippi in the case of Day v. Goodbar, 12 South. Rep. 30, (recently decided, and not yet officially reported,) may well be cited as expressing the law of that state upon that subject. Campbell, C. J., in that case, says:

"This appeal presents another instance of the misleading influence of Hilliard v. Cagle, 46 Miss. 309, a case valuable only as showing a state of facts which led the court to the conclusion that the scheme then condemned was fraudulent as to subsequent creditors. In so far as it may be deduced from the opinion in that case that the withholding from record of any instrument which by law is good as to third persons not having notice only from the time of its being filed for record is anything more than a circumstance to be considered on the question of fraud, we have corrected that error in Klein v. Richardson, 64 Miss. 41, 8 South. Rep. 204, where the announcement is made that one who fails to record an instrument simply takes the risk of a supervening right to or lien on the land or other thing. * * * We are unable to perceive a distinction between a contemporaneous instrument and one executed before, and brought into being as to third persons by being filed for record before such persons obtained a lien. I may trust my debtor in the assurance that he will protect me when danger threatens, and, if he does, by a judgment confessed, or a mortgage, or a deed of trust, or sale, before anybody else acquires a specific claim, I am entitled to my advantage; and it is no legal ground of complaint by others that they did not know of my claim, or that there was an understanding or agreement that I was to be protected. The law does not require a proclamation of debts or credit. It only requires good faith, and it does not denounce as bad faith confidence reposed between debtor and creditor."

This we consider the law applicable to this case, and we find no evidence of bad faith in withholding the deed from record. Had the deed been given for full consideration, and in payment of a valid debt, the very day before the failure, when it was filed for record, it would have been valid, and passed the property to Mrs. Klein. Can it make such transaction less valid that the deed had been executed and in her possession some months before? We think not.

We find no evidence that the grantor concealed the deed or had any connection with retaining it from record. It was delivered to the grantee at the time of execution, and in her keeping until the day

of its being filed for record. Nor do we find any evidence or anything to raise the presumption that it was through the connivance or suggestion of the grantors that it was kept from record, or that there was any fact calculated to put her on inquiry, and which, if followed up, would have led to the discovery that the vendor's intent was fraudulent.

We also fail to find satisfactory evidence that the nonrecording of this deed of conveyance affected injuriously the interests of the bank's creditors, or that on that account it was enabled to obtain greater credit, or that the withholding of it from record in the least affected the business of the bank, or that appellants gave credit upon the faith of the ownership of this property. Several witnesses have testified generally that, had they known that this property had been sold to Mrs. Klein, they would have had their confidence in the bank shaken to some extent; but there is no evidence that any of them searched the records for the purpose of ascertaining whether or not any of the property had been conveyed away, or that they would have known it if the deed had been placed on record at the time of its execution, or that they kept informed upon the purchases and sales of property by the bank. When we consider that these lots were but a small part of the real estate that was held by the Kleins, which was estimated at something over $400,000, and that their liabilities exceeded $1,000,000, and that a very large business was done, large payments made, and deposits received, the very day preceding the failure, we cannot believe from the evidence that the sale of these pieces of property for a full cash value would have affected the standing of the bank or the action of the complainants in making deposits, had it been known at the time of the execution of the deed. In the entire case we fail to find evidence of bad faith on the part of appellee herein, or any presumption arising from her conduct which would render void the title by which she holds the property in question, and the judgment of the court is affirmed, with costs.