## AGER v. STATE, EX REL. HEASTON.

[No. 20,327.   Filed April 28, 1904.]

DRAINS.—*Assessment of Benefits.*—*Error in Describing Lands.*—*Correction.*—Where the description of land sought to be assessed for the construction of a drain is erroneous, the description may be corrected, and the assessment enforced against the land intended, after the filing and recording of the report of the drainage commissioner.   *pp. 540, 541.*

SAME.—*Assessment of Benefits.*—*Error in Describing Lands.*—*Correction.*—*Motion in Arrest.*—In a suit to enforce an assessment for benefits for the construction of a public drain, a motion by defendant in arrest of judgment on the ground of indefiniteness of description in the commissioner's report presents no issue which the defendant was authorized to tender, but is an admission of record that a defect existed, which is evidence in a subsequent action to correct the description.   *pp. 541, 542.*

From Wabash Circuit Court; *H. B. Shively*, Judge.

Action by the State, on the relation of Benjamin Heaston, drainage commissioner, against Eugene Ager. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*B. M. Cobb,* for appellant.
*S. M. Sayler* and *J. M. Sayler,* for appellee.

Dowling, J.—It appears from the complaint that in a proceeding for the construction of a public drain mistakes were made by the drainage commissioner in his report in the description of two tracts of land owned by the appellant which were found to be benefited, and were assessed for their proportionate share of the expense of the improvement. The errors were not discovered by the commissioner until six years after the filing of the report in the office of the auditor, and the recording of the same. The appellant had remonstrated against the construction of the drain on various grounds, and on the hearing before the board of commissioners had accurately described the particular parcels of his lands which would be benefited. The board dismissed the remonstrance, and he appealed to the circuit court, where the cause was again decided against him. While the drain was being constructed, the appellant stood by and pointed out the places where he wished lateral drains constructed on his lands. They were constructed as he directed, and he continues to use and enjoy them. The descriptions of the lands set out in the report and assessment of benefits were as follows: "Eugene Ager, Pt. E. $\frac{1}{2}$ of S. E. $\frac{1}{4}$ of N. E. $\frac{1}{4}$ Sec. 11, Tp. 27, R. 9, 15 acres. Benefit, $120." Eugene Ager, Pt. N. E. $\frac{1}{4}$, of S. W. $\frac{1}{4}$, Sec. 12, Tp. 27, R. 9, 12 acres. Benefit, $20." The correct and full descriptions of the lands intended to be assessed were these: Fifteen acres off the entire north end of the east half of the southeast quarter of the northeast quarter of section eleven, township twenty-seven north,

range nine east, and twelve acres off the north side of the northeast quarter of the southwest quarter of section twelve, township twenty-seven north, range nine east. The relief demanded was that the description of each tract of appellant's land be corrected, that the appellee' have judgment for the amounts of the benefits assessed, that the same be declared liens on said lands, that the lands so benefited be sold, etc. A demurrer to each paragraph of the complaint was overruled. The answer was in five paragraphs, the first being a general denial. Demurrers were sustained to the others. The cause was tried by the court, a special finding of facts was made and conclusions of law were stated thereon. A motion for judgment for the appellant on the finding was overruled. Each conclusion of law was excepted to, and a motion for a new trial was overruled.

Error is assigned upon the several rulings on the demurrers, upon each conclusion of law, on the ruling on the motion for judgment on the special finding, and on the motion for a new trial.

The points made by counsel for appellant are that an assessment under the drainage act of 1893 must contain an accurate and sufficient description of each parcel of land intended to be charged with its proportion of the cost of the improvement; that errors in the description of the lands assessed cannot be corrected after the filing and recording of the report of the drainage commissioner; and that in this case, objection to the description having been made by the appellant in the circuit court by motion in arrest of judgment because of such indefiniteness and uncertainty, and the motion decided against him, by this decision the description of his lands was held sufficiently certain, and that the matter of such description is therefore *res judicata,* and cannot be reëxamined. Neither the brief for the appellant nor that for the appellee states under what statute the proceedings to construct the drain

in question were taken, but we infer that they were based upon §§5655-5678 Burns 1901, authorizing the construction of drains by the board of commissioners of any county upon the petition of one or more landowners whose lands will be affected by or assessed for the expense of the construction of such drain.

The propositions relied upon by counsel for appellant are not sustained by the decisions of this court. The very reverse has been held to be the law. It has been said repeatedly that when mistakes have occurred there is no valid reason why the description should not be corrected and made accurate, so that the assessment may be enforced against the property actually benefited by the improvement. As the commissioner must file a complaint to enforce the assessment in a court of general jurisdiction, after due notice to the property owner, an opportunity for a full hearing upon all questions involved is afforded, and the court then renders a judgment upon the merits of the controversy. Justice requires that the land actually benefited should bear its proportion of the expense of the construction of the drain, and, where the court can ascertain the proper description of the land, it has the power to correct mistakes in the commissioner's report so that the assessment may be enforced, and, when properly invoked, the power ought to be exercised. *State, ex rel., v. Smith,* 124 Ind. 302; *Luzadder* v. *State, ex rel.,* 131 Ind. 598. These cases are conclusive upon the power of the court to correct such mistakes in the assessment.

Appellant's motion in arrest of judgment in the circuit court on the ground that the description of his lands in the report of the commissioner was too indefinite to sustain a judgment presented no issue which the appellant was authorized to tender. It did amount, however, to an admission of record that there was a defect or error in the description, and the decision on the motion was not a finding that the description was correct or sufficient. The

admission was evidence in this action that the defects or errors existed. *Miles* v. *Wingate,* 6 Ind. 458; *McNutt* v. *Dare,* 8 Blackf. 35; *Boots* v. *Canine,* 94 Ind. 408; *Baltimore, etc., R. Co.* v. *Evarts,* 112 Ind. 533; *Lux, etc., Stone Co.* v. *Donaldson, ante,* 481.

It follows that there was no error in any of the rulings complained of. Judgment affirmed.