## TEMPLER *v.* LEE.

[No. 8,175.   Filed January 28, 1914.]

1. EVIDENCE.— *Admissions.— Pleadings.— Claims.—* A claim filed against an estate, and withdrawn, was admissible as an implied admission against the plaintiff in a subsequent action against the widow of decedent to recover for the same services.  p. 435.

2. EVIDENCE.— *Admissions.— Pleadings.— Conclusiveness.* — Under some circumstances admissions contained in pleadings are conclusive for the purposes of the trial, as where they contain no conflicting statements respecting the subject-matter of the admis-

sion; but a withdrawn and abandoned paper in another cause, though admissible in evidence, is merely evidence of an admission and not conclusive, and may be rebutted and all the circumstances of its making explained; hence in an action against the widow of a decedent to recover for services rendered, where a claim filed by plaintiff against the estate was introduced on the theory of an admission against plaintiff, it was not error to permit plaintiff to show that the claim was filed against the estate on advice of an attorney and that on discovering her error she withdrew it and instituted the action against defendant by whom she was employed. p. 437.

3. APPEAL.—*Review.*—*Harmless Error.*—*Admission of Evidence.*— Error, if any, in admitting proper evidence on cross-examination, rather than in rebuttal, was a mere irregularity not warranting reversal. p. 438.

4. TRIAL.—*Limiting Effect of Evidence.*—*Duty of Parties.*—Where a party fears an improper application of evidence admitted for a special purpose, it should request an instruction limiting the effect of such evidence. p. 438.

From Delaware Circuit Court; *Frank Ellis*, Judge.

Action by Mary Lee against Susan Templer. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Silverburg, Bracken & Gray*, for appellant.
*John F. Meredith* and *George W. Cromer*, for appellee.

CALDWELL, J.—Appellee alleges in her complaint in substance that James M. Templer, appellant's husband, was of unsound mind; that appellant employed appellee to nurse and care for him; that pursuant to such employment, appellee did nurse and care for James M. Templer for a period of twenty-nine weeks and four days, commencing August 5, 1907, and terminating February 28, 1908; that appellant agreed to pay appellee therefor such sum as the services were reasonably worth; that the services were reasonably worth $590, which sum is due appellant and unpaid.

The cause having been put at issue was tried by a jury. Verdict and judgment for appellee in the sum of $345.86. The error assigned is based on the overruling of appellant's motion for a new trial. Under this assignment, there is discussed the court's action in admitting certain evidence, and

also in overruling motions to strike out the same.    The facts necessary to an understanding of the questions presented are as follows:   James M. Templer, having died, appellee, on November 11, 1909, caused to be filed against his estate a claim in her behalf based on the identical services described in the complaint.   This claim was withdrawn before the complaint in this action was filed.   At the trial of this cause, appellant called appellee as a witness, and showed by her that the claim bore her signature, and that she had filed it against the estate.   Appellant then introduced the claim in evidence.   The claim is in the usual form, and is signed and sworn to by appellee.   It alleges that the estate is indebted to appellee in the sum of $590 for nursing and caring for James M. Templer during the period alleged in the complaint herein, which sum is due and unpaid.   On cross-examination, the court permitted appellee to state in substance that she consulted Mr. Koons, a lawyer, and, in the absence of appellant, explained to him that appellant employed her to perform the services and promised to pay her for the same; that Mr. Koons said the best thing to do was to file a claim against the estate; that appellee did not know what was a proper course to take in order that she might collect the claim, and that she supposed her lawyer knew what was right, and that he had her put the claim against the estate; that Mr. Koons prepared the claim, and said to appellee that it would be all right; that later appellee concluded she had made a mistake; that she then said to Mr. Koons in substance that it was not right to file the claim against the estate; that the Templer heirs did not employ her; that appellant hired her and promised to pay her, and that she was the right one to pay her.

Appellant challenges the substance of the evidence, rather than the form of the questions, or the language in which the answers were couched.   The basis of appellant's

1.   objections and motions to strike out is to the effect that the evidence sought is not proper to be elicited

on cross-examination; that it is self-serving and contradictory of a written instrument, which should speak for itself. The court, in ruling on the objection, stated, in the presence of the jury, that the evidence sought, including what was said between appellee and Mr. Koons did not bind appellant; that it could have no force or effect other than to explain why she filed the claim, and that the court would so instruct the jury if desired; that if appellee was deceived or tricked, or the filing of the claim was not her voluntary act, or if she did it under a mistake, she had a right to make her explanation to the jury. The claim was evidently admitted in evidence as a statement made by appellee, to the effect that the estate was indebted to her for the value of the services described in the complaint in this action, and as a consequent implied admission that appellant did not hire her to perform the services or promise to pay her for the same, and was not, therefore, indebted to her for the value of the services. Although appellant was not a party to the claim, and it had been withdrawn before the filing of the complaint in this action, still it was properly admitted in evidence on that theory. *Boots* v. *Canine* (1884), 94 Ind. 408; *Cleveland, etc., R. Co.* v. *Gray* (1897), 148 Ind. 266, 46 N. E. 675; *Ager* v. *State, ex rel.* (1904), 162 Ind. 538, 542, 70 N. E. 808; *Holland* v. *Spell* (1896), 144 Ind. 561, 22 N. E. 1014; *Baltimore, etc., R. Co.* v. *Evarts* (1887), 112 Ind. 533, 14 N. E. 369; *Springer* v. *Drosch* (1870), 32 Ind. 486, 2 Am. Rep. 356; *Pope* v. *Allis* (1885), 115 U. S. 363, 6 Sup. Ct. 69, 29 L. Ed. 393; *Shafter* v. *Richards* (1859), 14 Cal. 125; *Lamar* v. *Pearre* (1892), 90 Ga. 377, 17 S. E. 92; *Printup* v. *Patton* (1893), 91 Ga. 422, 18 S. E. 311; *Robbins* v. *Butler* (1860), 24 Ill. 387, 427; *Ayers* v. *Hartford Fire Ins. Co.* (1864), 17 Iowa 176, 85 Am. Dec. 553; 1 Ency. Ev. 425, 434.

It is true that under some circumstances admissions contained in pleadings are conclusive. Such is the case where the trial is had on a complaint that contains no conflicting

statements in its various paragraphs respecting the
2. subject-matter of the admission, or in case of an answer or a reply of a like nature. An admission made
in such a pleading is, for the purposes of such trial, conclusive, as long as the pleading stands. The claim, however,
being a withdrawn and abandoned paper in another cause,
was not conclusive as an admission against appellee. It was
merely evidence of an admission. If appellant had introduced evidence to the effect that appellee had verbally admitted in conversation with some witness that the estate was
indebted to her on account of the performance of the services, she would not have been concluded thereby. It would
have been her right to rebut or to explain or qualify by giving in evidence the entire conversation on the subject of the
alleged admission that the jury might determine whether
such admission had been made, and if so, what weight should
be assigned to it in the light of the attending facts and circumstances. The signing and filing of the claim, together
with its substance or contents did not necessarily constitute
the entire transaction of the implied admission. There may
have been facts and circumstances which, when taken as
a part of the transaction, would very much minimize or
utterly destroy the force of the claim as an admission. The
sequel showed that according to appellee's version, there
were such facts and circumstances, sufficient to be submitted
to the jury for consideration. The court properly permitted
appellee to give in evidence such attending facts and circumstances, including the statements made as a part of the transaction, in order that it might be definitely characterized and
elucidated. It seems to be the universal rule that where a
paper or pleading such as this claim is introduced in evidence against a party as an admission, such party may rebut
or explain it, and to that end may give in evidence the circumstances under which it was signed and filed. We hold,
therefore, that the court did not err in admitting this evidence or in refusing to strike it out on motion. The follow-

ing authorities sustain us: *Baltimore, etc., R. Co.* v. *Evarts, supra; Boots* v. *Canine, supra; Cleveland, etc., R. Co.* v. *Gray, supra; Louisville, etc., R. Co.* v. *Hubbard* (1888), 116 Ind. 193, 18 N. E. 611; *Kentucky, etc., Cement Co.* v. *Cleveland* (1892), 4 Ind. App. 171, 30 N. E. 802; *Baldwin* v. *Siddons* (1910), 46 Ind. App. 313, 319, 90 N. E. 1055, 92 N. E. 349; *Harrod* v. *Bisson* (1911), 48 Ind. App. 549, 555, 93 N. E. 1093; *Blanks* v. *Klein* (1892), 53 Fed. 436, 3 C. C. A. 585; *Clemens* v. *Clemens* (1871), 28 Wis. 637, 642, 9 Am. Rep. 520; *Geary* v. *Simmons* (1870), 39 Cal. 224; *Valley Planting Co.* v. *Wise* (1909), 93 Ark. 1, 123 S. W. 768, 26 L. R. A. (N. S.) 403; *Arnd* v. *Aylesworth* (1909), 145 Iowa 185, 123 N. W. 1000, 29 L. R. A. (N. S.) 638; *McDermott* v. *Mahoney* (1908), 139 Iowa 292, 115 N. W. 32, 36, 116 N. W. 788; *Shipley* v. *Reasoner* (1893), 87 Iowa 555, 54 N. W. 470; *Wickens* v. *Clawson* (1908), 50 Tex. Civ. App. 82, 110 S. W. 103, 106; 2 Chamberlayne, Mod. Law of Ev. §1249; 8 Ency. Pl. and Pr. 21, 22; 1 Greenleaf, Evidence (14th ed.) §201; 1 Ency. Ev. 425, 432, 434; 1 Wharton, Evidence (3d ed.) §838.

If it should be conceded that this evidence was improperly admitted on cross-examination, rather than in rebuttal, the proceeding amounted, under such concession, to no 3. more than a mere irregularity, not sufficient to constitute prejudicial error. *Tobin* v. *Young* (1890), 124 Ind. 507, 513, 24 N. E. 121.

If appellant feared that the jury might erroneously apply the evidence to the substance of the case, rather than as against the admission only, it would have been the 4. duty of the court on request to limit the effect of the evidence by an instruction. *Harrod* v. *Bisson, supra.* There being no error in the proceeding, the judgment is affirmed.

Note.—Reported in 103 N. E. 1090. See, also, under (1) 16 Cyc. 971; (2) 16 Cyc. 1045, 1050: 31 Cyc. 91; (3) 38 Cyc. 1359; (4) 38 Cyc. 1756.